[No. 1670. Decided March 20, 1895.]

## THE STATE OF WASHINGTON, *Respondent*, v. OLIVER COURTEMARCH, *Appellant*.

ASSAULT WITH INTENT TO RAPE — INSTRUCTIONS.

Although upon an information as framed, charging the crime of assault with intent to commit rape, the defendant might properly be convicted of assault and battery, the failure of the court to so instruct the jury is harmless error when the instructions, given at the request of the defendant, required the jury, in order to render the verdict returned by them, to find from the evidence beyond any reasonable doubt not only that the defendant committed an assault, but also that he intended to carry the force, if necessary, to the extent of a consummated rape.

Although an instruction to the jury in a prosecution for an assault with intent to commit rape may improperly charge them, "the law presumes that a person intends all the natural, probable and usual consequences of his acts," still such charge is harmless error when coupled with an admonition to acquit "unless the assault was made under such circumstances as show beyond any reasonable doubt that he intended to accomplish his purpose, at all events against any resistance which she might offer."

*Appeal from Superior Court, Clarke County.*

*N. H. Bloomfield,* for appellant:

That a verdict for assault and battery, under the form of the information, was proper and legal there can be no doubt, and defendant was entitled to have that matter before the jury. While assault and battery is not necessarily included within the crime of assault with intent to commit rape, yet it may be, and this element was stated as a fact in the information, and, if true, was properly included therein. While not necessary to allege an assault and battery, yet if so alleged a verdict may be found therefor. *State v. Ackles,* 8 Wash 465; *People v. Lightner,* 49 Cal. 226; *State v. Robey,* 8 Nev. 312; *People v. Murat,* 45 Cal. 281; *People v. English,* 30 Cal. 216; *People v. Chalmers,* 14 Pac. 132; *State v. Burwell,* 8 Pac. 472; *State v. Watson,* 1 Pac. 772; *People v. Casey,* 72 N. Y. 398; *Commonwealth v. Murphy,* 2 Allen, 164; *Commonwealth v. Squires,* 97 Mass. 61; *State v. Hooks,* 2 Am. St. Rep. 730; 58 Am. Dec. 242, notes; *Dedieu v. People,* 22 N. Y. 178; 7 Crim. Law Mag. 157; 15 Am. & Eng. Enc. Law, 361, note 1.

*C. D. Bowles,* Prosecuting Attorney, for The State.

The opinion of the court was delivered by

GORDON, J.—The appellant was convicted in the superior court for Clarke county of the crime of assault with intent to commit rape, and sentenced to imprisonment in the state penitentiary at Walla Walla for the term of three years. His motion for a new trial having been overruled, he brings the cause here for review and assigns the following grounds of error: First, that the court below erred in failing to instruct the jury that they might, upon the *information as framed* find the defendant guilty of assault and battery; secondly, that the court erred in instructing the

jury that, "the law presumes that a person intends all the natural, probable and usual consequences of his acts;" and, lastly, the appellant contends that the verdict is contrary to the evidence.

The first point to be noticed renders an examination of the information necessary. Omitting formal parts and name of prosecutrix it is as follows:

" He, the said Oliver Courtemarch, in Clarke county in the state of Washington, on the 1st day of August, 1894, in and upon one . . . did make an assault, and her, the said . . . then and there did beat, bruise, wound and illtreat, with the intent, then and there her, the said . . . violently, by force and against her will, feloniously to ravish and carnally know and carnally abuse, contrary to the statutes in such cases made and provided and against the peace and dignity of the state of Washington."

The court instructed the jury that they might find the defendant guilty of "assault with intent to commit rape" or of "simple assault" as the evidence might warrant, but failed to charge that they might find him guilty of " assault and battery."

Defendant contends that while assault and battery is not necessarily included within the crime of assault with intent to commit rape, yet as a matter of fact *it is alleged and included* within the information in this case and that, being so included, a verdict of assault and battery might properly have been found and sustained and he cites many authorities which support his contention. Conceding his contention to be sound, we do not think the appellant was prejudiced by the failure of the court to charge the jury that a verdict of assault and battery might be returned by them.

At the defendant's request the court gave the following instruction:

"There is a difference between an assault with in-

tent to commit a rape, and an assault with intent to
have improper connection. The proof must cover the
entire charge. It must be borne in mind that in law
the attempt to commit rape is not constituted merely
by proof of an assault and the endeavor to procure the
woman's consent to unlawful connection or intercourse.
The evidence must show beyond all reasonable doubt
that the defendant *intended to carry the force, if neces-*
*sary, to the extent of a consummated rape.* If, then, there
be a reasonable doubt as to the intent of the defend-
ant to commit the crime of rape, but you find the fact to
be that he made an assault upon the prosecutrix with
intent to have improper connection with her, then he
might be convicted of an assault, but not of the graver
crime of intent to commit rape."

This instruction required the jury (in order to ren-
der the verdict returned in this case) to find from the
evidence beyond any reasonable doubt not only that
the defendant committed an assault, but also that he
"intended to carry the force, if necessary, to the ex-
tent of a consummated rape." And, again, in instruc-
tion number nine, given at request of appellant, the
court said to the jury;

"You cannot convict the defendant of an assault
with intent to commit rape unless from the evidence
it clearly and satisfactorily appears to you beyond all
reasonable doubt, that defendant intended to use what-
ever force was necessary to overcome resistance upon
the part of the prosecutrix and by force to accomplish
his purpose."

Here the jury were plainly told what facts the state
was required to establish before a verdict of assault
with intent to commit rape could be returned; and
that they found from the evidence beyond any reason-
able doubt that the facts requisite to that offense were
established and that such was the character of the as-
sault the verdict, considered in connection with the

charge, leaves no room for doubt or speculation. *Massey v. State*, 31 Tex. Crim. 371 (20 S. W. 758); *Dickerson v. State*, 48 Wis. 288 (4 N. W. 321); *State v. Casford*, 76 Iowa, 330 (41 N. W. 32); *Berry v. State*, 87 Ga. 579 (13 S. E. 690); *Conners v. State*, 47 Wis. 523 (2 N. W. 1143).

In the case last cited the court say:

"Such an instruction would have been entirely correct but it is not very apparent how the accused could have been prejudiced by a failure to give it. It seems probable that he might in certain contingencies have been better off without the instruction."

While the instruction complained of in the second assignment of error was not appropriate to a case of this character, still we fail to discover how the appellant could have been injured by it. The statement that "the law presumes that a person intends the natural, probable and usual consequences of his act," was coupled with an admonition to acquit, "unless the assault was made under such circumstances as show beyond any reasonable doubt that he intended to accomplish his purpose at all events by his strength and power against any resistance which she might offer." So coupled and considered we cannot perceive how the jury could have been confused or misled by it. It was at most merely harmless error not tending "to the prejudice of the substantial rights of the defendant." We think the charge as a whole presents a full and fair exposition of the law of the case and was as favorable to the defendant as the law entitled him to.

As a final contention the appellant urges that the evidence was insufficient to justify the verdict. After a careful scrutiny of the record our conclusion is that the evidence amply justified the verdict. The testimony of the prosecutrix is remarkably consistent

throughout and is fully corroborated by that of other witnesses. The learned judge who presided at the trial appears to have conducted it in a manner that was eminently fair to the defendant, who received the benefit of every substantial right which the law gives him, and the judgment appealed from is affirmed.

HOYT, C. J., and ANDERS, DUNBAR and SCOTT, JJ., concur.