[No. 35711. Department Two. September 14, 1961.]

THE STATE OF WASHINGTON, *Respondent,* v. RUBEN HOLMAN, JR., *Appellant.**

*Reported in 364 P. (2d) 921.

*Hugh R. McGough,* for appellant.

*Charles O. Carroll* and *Jack B. Regan,* for respondent.

OTT, J.—February 16, 1960, at approximately 10:00 a. m., Ruben Holman, Jr. (also known as Ruby Holman), was taken to the Seattle police headquarters, where he was interrogated by Detective H. G. Hostak relative to an alleged theft of recording equipment. Present during the interrogation were Detective Sam McLaughlin of the Seattle police department, and James Melton, Clarence Smith, and James Goodwin. The latter three persons had previously been similarly questioned. Holman was advised of his right to counsel and that his statements might be used against him. He made no request for an attorney. At approximately 11:10 a. m., he admitted his participation in the theft and signed a statement relative thereto.

Holman and Melton were jointly charged with grand larceny. Melton pleaded guilty. From the judgment and sentence based upon a verdict of guilty, Holman has appealed.

The superior court denied Holman's motion for a free statement of facts and transcript. He sought a review, by certiorari, of the order denying the motion upon the grounds, *inter alia,* that he was an indigent, and that the record was necessary to establish that the trial court violated his constitutional rights in admitting his written confession in evidence. This court, by order, directed the King county superior court to furnish at public expense that portion of the record relating to the confession, and to appoint an attorney to prosecute Holman's appeal.

In compliance with the order, an attorney was appointed, and a partial statement of facts was furnished which related to the admission of the confession in evidence. Subsequently, an agreed supplemental statement of facts was filed in this court which, appellant asserts, is necessary to support his additional claim of error. At the time of oral argument, appellant requested this court to consider all of his assignments of error in this appeal, which are as follows:

"(1) The trial court erred in admitting as evidence certain oral admissions of appellant.

"(2) The trial court erred in admitting as evidence a written 'confession' of appellant.

"(3) The trial court erred in denying appellant's Motion for Dismissal on the grounds of insufficient evidence, which Motion was made at the close of respondent's case, and stood upon by appellant."

With reference to assignments of error Nos. 1 and 2, the record discloses that Detective Hostak was called as a witness for the state. He testified that he interrogated the appellant and reduced his confession to writing; that no promises or threats were made to appellant; that appellant read and signed the statement, and that before signing it, appellant stated that "it was 100 per cent true."

Appellant's counsel objected to the admission of the confession upon the ground that it was not voluntarily made. The objection placed in issue the circumstances surrounding its taking. Rule of Pleading, Practice and Procedure 101.20W, RCW Vol. 0, provided in part:

"(1) Where the circumstances surrounding the taking of a confession are placed in issue . . . at the time of trial . . ., the trial judge shall be the trier of the question of admissibility."

The trial court excused the jury and, pursuant to the rule, proceeded to determine the issue. The appellant was sworn as a witness and testified as follows:

"BY THE COURT: Q. Mr. Holman, is this your signature on here? Did you sign that? A. Yes. Q. And at the time this statement was made were you offered anything? A. I can't remember if he did. Q. Did anyone threaten to beat you up or to do you physical harm? A. I heard that they would beat you up— Q. What? A. A guy told me that they beat you up if you don't sign it. Q. I am asking you if Mr. McLaughlin or Mr. Hostak threatened to beat you up? A. No, they didn't. At the time I really didn't know because I was under the influence. I had taken some— Q. I am not asking you that. I am asking you if you recall either of these two detectives threatening to molest you or beat you or abuse you? A. No, not as I recall. Q. And did they offer you anything to sign this? A. No, not as I recall. THE COURT: That's all. You may step down."

Appellant's counsel did not further interrogate the accused or offer any proof to establish that the confession was other than voluntary.

The appellant's contention presents two phases:

"[1] The basic question on this appeal is whether his [the trial judge's] two-minute examination of appellant brought out sufficient facts to establish that the admissions or confession of appellant were freely and voluntarily made, or [2] did the trial court have a duty to proceed further to determine whether any constitutional rights of the appellant were about to be invaded?"

█ Detective Hostak's testimony relative to his conduct at the time appellant confessed was uncontradicted and established that the confession was voluntary. Appellant's testimony was devoid of any claim of coercion or threats on the part of the officers, or of any claim that the presence of the other persons in any manner caused him involuntarily to confess the crime.

We find no merit in the first phase of appellant's contention.

The second phase of appellant's contention is that the trial court had "a duty to proceed further to determine whether any constitutional rights of the appellant were about to be invaded."

█ The cited rule (101.20W) admits of no construction other than that the judge shall determine the admissibility of the confession, once the circumstances surrounding its taking have been placed in issue. The rule contains no mandate to the trial court to examine the circumstances further than to satisfy the court that the confession was voluntarily or involuntarily made.

We find no merit in the second phase of appellant's contention.

Appellant relies upon *Rogers v. Richmond,* 365 U. S. 534, 5 L. Ed. (2d) 760, 81 S. Ct. 735 (1961), in support of his contention that the trial judge had a duty to establish the character of the confession.

 In the cited case, the test to be applied in determining whether a confession complies with constitutional requirements is stated as follows:

" . . . Whether the behavior of the State's law enforcement officials was such as to overbear petitioner's will to resist and bring about confessions not freely self-determined . . . ."

Applying this test in the instant case, there is no evidence that the appellant's will to resist was overcome by the conduct of the law enforcement officials.

Appellant's third assignment of error is that "The trial court erred in denying appellant's Motion for Dismissal on the grounds of insufficient evidence . . . at the close of respondent's case."

In support of this contention, the appellant states:

"If all evidence were properly admitted, it establishes that appellant committed the crime of larceny by taking, stealing and carrying away, in violation of R.C.W. 9.54.010, Subdivision 1. But appellant was not charged with taking, stealing and carrying away the property. Rather, he was charged with concealing and withholding it in violation of the Fifth Section of R.C.W. 9.54.010."

 The appellant was charged with the crime of grand larceny under RCW 9.54.010(5). The state was required to prove the following elements: (1) that the appellant knew the property had been appropriated with the intent to deprive and defraud the true owner thereof, and (2) that the appellant knowingly concealed or withheld such property from its true owner.

The appellant's confession, together with the corroborating testimony, was sufficient, if believed by the jury, to prove all of the elements of the crime charged. Whether the same evidence was sufficient to establish larceny under RCW 9.54.010(1) is immaterial. What we said in *State v. Carden,* 50 Wn. (2d) 15, 308 P. (2d) 675 (1957), is controlling here:

" . . . Although the state may not be able to prove that a defendant had physically removed certain property from the possession of the owner, the statute provides that,

on proof of certain other acts (*inter alia,* aiding in concealing or withholding property known to have been wrongfully appropriated), the defendant 'Steals such property and shall be guilty of larceny.'

"We hold that, if one or more of the acts referred to in § 3(5) [RCW 9.54.010(5)] can be established, it is proper to charge under that subsection, even though evidence is presented that the defendant also performed the act of taking the property from the possession of the owner. There could be no more convincing evidence as to the element of knowledge that the property was wrongfully appropriated than proof that the defendant himself had stolen it. [Citing case.]"

Appellant's motion to dismiss at the close of the state's case was properly denied.

The judgment and sentence is affirmed.

FINLEY, C. J., MALLERY, and HUNTER, JJ., concur.

DONWORTH, J., concurs in the result.