[No. 37972. Department One. July 1, 1965.]

THE STATE OF WASHINGTON, *Respondent*, v. MERLE LEE ROYSE, *Appellant*.*

*Reported in 403 P.2d 838.

*James O. Ballou,* for appellant.

*Wayne Roethler* and *Henry R. Dunn,* for respondent.

BRADFORD, J.†—Merle Lee Royse was charged in the Superior Court of the State of Washington for Cowlitz County as follows:

> [A]nd by this information accuses MERLE LEE ROYSE of the crime of SECOND DEGREE ASSAULT committed as follows: He, the said MERLE LEE ROYSE on or about the 28th day of June 1964 A.D., in the County of Cowlitz, State of Washington, and then and there being, did then and there wilfully, unlawfully and feloniously assault Mona Painter with the intent to commit a felony, by then and there grasping, seizing, holding and struggling with the said Mona Painter for the purpose of violently forcing the said Mona Painter into an automobile against her will and without her consent; . . . .

Counsel was appointed to represent the defendant and, on July 10, 1964, filed this motion:

> Comes now the defendant and respectfully moves the Court to require the plaintiff to make its information herein more specific, definite and certain in each and all of the following particulars; or alternatively, that the plaintiff be required to furnish the defendant a Bill of Particulars with reference to each and all of the same, as follows:
>
> 1. That it be required to set forth the specific felony that the defendant is charged to have intended to commit.
>
> 2. That if the particular felony that the defendant is alleged to have intended to commit is capable of being committed in more than one manner, then to allege or set forth with particularity the means or manner in which the defendant intended to commit such crime.

---

†Judge Bradford is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

3. That if the particular felony that the defendant is alleged to have intended to commit is capable of being committed for more than one purpose, then to allege or set forth the particular purpose allegedly involved.

4. That if the particular felony that the defendant is alleged to have intended to commit is capable of being committed with more than one intent, then to allege or set forth the particular intent of the defendant involved in such alleged intended felony.

This motion was duly argued and an order was entered on July 31, 1964, denying the motion. The case was set and came on for trial October 1, 1964, at which time the defendant, prior to impaneling the jury, renewed his motion and moved the court to require the state to elect the felony or felonies intended to be committed by the defendant. The court adhered to its original ruling.

The state, at this point, served its proposed instructions, and the only felonies upon which instructions were requested were grand larceny and second degree kidnapping. A jury was drawn and, during the voir dire, the state interposed an objection to the defendant's query on second degree kidnapping. In argument to the court, out of the presence of the jury, the state announced it was now going to request instructions on additional felonies. This prompted the defendant to, once again, request the court to assist him in finding out which crime he was defending. The court directed the state to be prepared to make an election when the court reconvened. The court reconvened at 1:30 p.m., and the selection of the jury was completed and then sworn to try the case.

Counsel again renewed his motion to require the state to elect which felony or felonies the defendant was charged with having intent to commit. The state, for the first time, specifically elected four felonies as being within the intentions of the defendant in committing the assault charged, namely, grand larceny, first degree kidnapping, second degree kidnapping and rape.

At the conclusion of the state's case, the defendant made a motion to dismiss the second degree assault charge and

offered to plead guilty to third degree assault. This motion was denied. Defendant then moved to dismiss on the second degree kidnapping and larceny. This motion was granted.

Motions were also made on the first degree kidnapping and rape. The court denied the motion on first degree kidnapping and reserved his ruling on the motion pertaining to the crime of rape.

The case was ultimately submitted to the jury with instructions on assault with intent to commit rape and/or first degree kidnapping. The defendant was convicted of second degree assault and, in answering interrogatories submitted by the court, the jury had found the defendant committed the assault with the intent to commit rape.

The defendant claims it was prejudicial error for the court to deny his motions to make more certain and argues strenuously and rather persuasively that he found it impossible to prepare a defense when he did not know what felony he was defending against. Effective and logical voir dire examination and the preparation of proposed instructions were out of the question, all to his irreparable prejudice. The information was defective in that it was so uncertain that a person of common understanding would have no idea what the state intended.

The charge was based upon RCW 9.11.020, which reads in part as follows:

> Every person who, under circumstances not amounting to assault in the first degree—
>
> . . . . .
>
> (6) Shall assault another with intent to commit a felony, or . . . .

Const. art. 1, § 22 provides:

> In criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation against him, . . . .

RCW 10.37.050 reads in part:

> The indictment or information is *sufficient* if it can be understood therefrom—
>
> . . . .

(6) That the *act* or omission *charged as the crime* is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended; . . . . (Italics ours.)

RCW 10.37.052 reads in part:

The indictment or information *must contain—*

. . . .

(2) *A statement of the acts constituting the offense,* in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended. (Italics ours.)

RCW 10.37.054 reads in part:

The indictment or information must be direct and *certain as it regards*:

. . . .

(3) *The particular circumstances of the crime charged, when they are necessary to constitute a complete crime.* (Italics ours.)

In the early case of *State v. Carey*, 4 Wash. 424, 431, 30 Pac. 729 (1892), the defendant was charged with practicing medicine without first obtaining a license provided for in the law (Laws of 1889-1890) and the statute, which specifically provided:

[T]hat "any person shall be regarded as practicing within the meaning of this act who shall append the letters M.D. or M.B. to his or her name, or for a fee prescribe, direct or recommend for the use of any person any drug, or medicine or agency for the treatment, care or relief of any wound, fracture or bodily injury, infirmity or disease."

Judge Dunbar, speaking for the court, pointed out:

[I]t is necessary to allege and prove the commission of one of these acts to justify a conviction. This is a crime not known to the common law, it is purely statutory, and if the statute has failed to define it, it is not defined at all, and the defendant is called upon to answer to an undefined crime where no particular act constituting the crime is charged.

In *State v. Carey, supra,* as in the one now before the court, the state urged that it was sufficient in an indict-

ment for a statutory crime to charge the crime in the language of the statute. We are not inclined to controvert this proposition; however, the statute, in this instance, does not define the crime with certainty, and the rule only applies where the statute does define the offense which it creates.

The right of the accused to be apprised by the indictment or information with reasonable certainty of the nature of the accusation against him to the end that he may prepare his defense and plead the judgment as a bar to any subsequent prosecution for the same offense is zealously guarded in all our cases. *State v. Hoyle*, 114 Wash. 290, 194 Pac. 976 (1921); *State v. Catalino*, 118 Wash. 611, 204 Pac. 179 (1922); *Seattle v. Proctor*, 183 Wash. 299, 48 P.2d 241 (1935).

This court has many times approved the statement by Judge Dunbar to the effect that the information must state the acts constituting the offense in ordinary and concise language, not the name of the offense, but the statement of the acts constituting the offense is just as important and essential as the other requirements of the information, such as the title of the action and the names of the parties. *Seattle v. Proctor, supra; State v. Forler*, 38 Wn.2d 39, 227 P.2d 727 (1951); *State v. Moser*, 41 Wn.2d 29, 246 P.2d 1101 (1952); *State v. Olsen*, 43 Wn.2d 726, 263 P.2d 824 (1953); *Seattle v. Morrow*, 45 Wn.2d 27, 273 P.2d 238 (1954); *State ex rel. Clark v. Hogan*, 49 Wn.2d 457, 303 P.2d 290 (1956).

Attention is directed to *State v. Courtemarch*, 11 Wash. 446, 39 Pac. 955 (1895), for an information charging second degree assault with intent to commit rape.

The judgment and sentence is reversed and the cause remanded with directions to grant the defendant a new trial.

ROSELLINI, C. J., OTT, HUNTER, and HALE, JJ., concur.