[No. 39582.     Department One.     May 2, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. JERRY THOMAS, JR., *Appellant.**

*Donald L. Burcham,* for appellant (appointed counsel for appeal).

*Philip H. Faris,* for respondent.

*Reported in 440 P.2d 488.

Rosellini, J.—An information was filed October 20, 1966, charging the appellant with second-degree assault, committed with the intent thereby to enable and assist himself to commit a felony. He was arraigned thereon on January 11, 1967, and pleaded not guilty.[1]

A demurrer to the information was filed February 27, 1967, the day on which the case was called for trial. The appellant's counsel moved the court for permission to postpone argument on this demurrer until after the selection of the jury. After the selection of the jury, he argued the demurrer, contending that the information, which was couched in the language of RCW 9.11.020 (6), was defective in that it did not name the felony which the appellant allegedly intended to enable and assist himself to commit. The trial court allowed the state to amend the information to specify that the assault was committed with the intent to enable the appellant to commit the crime of rape.

The trial court refused to grant more than a day's continuance, and the matter proceeded to trial. The jury returned a verdict of guilty.

Error is assigned to the court's refusal to dismiss and to its refusal to grant a continuance. A number of other errors are assigned, all based on the appellant's contention that the failure to specify the felony which he allegedly intended to enable and assist himself to commit rendered the information fatally defective.

The rule is that if the statute defines the crime with certainty, an information charging the crime in the langauge of the statute is sufficient. However, if the statute does not define the crime with sufficient certainty to apprise the defendant of the nature of the accusation against him, to the end that he may prepare his defense and plead the judgment as a bar to any subsequent prosecution for the same offense, it is not sufficient to charge in the language of the statute. *State v. Royse*, 66 Wn.2d 552, 403 P.2d 838 (1965).

---

[1] Appellant was represented by other counsel in the trial court.

■ A criminal complaint may state a crime, but still be so vague as to be subject to a motion for a bill of particulars. *State v. Bates,* 52 Wn.2d 207, 324 P.2d 810 (1958). By definition, a complaint, stated in the language of a statute defining a crime, states a crime (assuming the statute is constitutional, and the constitutionality of RCW 9.11.020 (6) is not challenged), therefore, it may be so vague that it is subject to a motion to make more definite and certain or a motion for a bill of particulars, but it is not subject to a motion to dismiss, unless the state refuses to amend.

The information, therefore, was, at the most, not sufficiently definite to apprise the appellant of the precise nature of the accusation and enable him to prepare his defense. As such, it was subject to a motion to make more definite and certain, and the court properly treated the appellant's demurrer as such a motion and required the amendment. It was not incumbent upon it to dismiss the action, however.

In the case of *State v. Royse, supra,* this court held that it was prejudicial error to deny the defendant's motion to make more definite and certain, where the information charged that the defendant had committed the crime of assault in the second degree, but did not allege what felony or felonies the defendant had intended to commit. We granted the defendant a new trial.

That case differs from this in an important respect. There, the defendant made his motion long prior to trial. It was not a motion to dismiss but rather was a motion to make more definite and certain. He successfully contended in this court that, in denying the motion, the trial court had deprived him of the opportunity to prepare his defense and to conduct an effective voir dire.

Here, the motion of the appellant was not made until the day of trial, and the appellant's counsel volunteered to postpone the argument on it until after the voir dire. The trial court offered a continuance if counsel could say he was surprised by the state's election to charge that the assault was committed with the intent to enable the appellant to commit rape, but he did not make such a claim.

Under the holding in *State v. Royse, supra,* the appellant was entitled to an order requiring the prosecutor to make its information more definite and certain, had he made a motion for such an order prior to the trial. That case does not stand for the proposition that, if the information is too indefinite, the charge must be dismissed.

Even though the appellant did not present his motion until the trial date, we might be inclined to hold that he was entitled to a continuance if he had claimed surprise, or if he could show now that he was prejudiced by the denial of such a continuance; but there is no such showing. It is not contended that the appellant was denied the opportunity of obtaining evidence which would have substantiated his defense, or that his defense would have been any different if he had been granted a continuance. Under the circumstances of the assault, the only evidence that was pertinent was the evidence of what was said and done at the time; and since there were no other witnesses, it was simply a question of credibility as between the prosecuting witness and the appellant. The victim said that he threatened to rape or kill her, or both, and the appellant said that he had made no such threats. There was no other evidence relating to intent, other than the fact that he neither raped nor killed the prosecuting witness, and testimony by that witness concerning the things which she said and did to dissuade him.[2] The appellant does not contend that he could have produced any other evidence bearing on the question.

Neither does the appellant offer any showing that he was denied an opportunity to pose pertinent questions to the jurors on voir dire. He does not bring the record of the jury examination to this court, and the trial court remarked that his counsel had in fact questioned the prospective jurors concerning their attitudes about attempted rape, which counsel did not deny. We have before us, therefore, only a

---

[2]Tending to corroborate the version of the prosecuting witness was evidence that she aroused her neighbors late in the night, in a very distraught condition, and said that she had been attacked and asked for help, that there were red marks on her neck, and that she was very nervous for a long while afterwards.

bare allegation that he was denied an opportunity to properly examine the jurors. If there was such a denial, the appellant invited it by voluntarily postponing his motion directed against the complaint until the day of trial and his argument thereon until after the jury had been selected.

■ Objections to the sufficiency or definiteness of an information must be made before the trial commences. If delayed until the beginning of the trial, they are not timely. *Seattle v. Morrow,* 45 Wn.2d 27, 273 P.2d 238 (1954). The trial court did not abuse its discretion in denying a continuance.

It is contended that the evidence was insufficient to establish the crime of rape or the crime of attempted rape. This may be granted, but neither of these crimes was charged. It was incumbent on the state to prove that the appellant assaulted the victim with the intent to enable and assist himself to commit the crime of rape. The prosecuting witness testified that he repeatedly declared to her that he was going to rape her. From this evidence, the jury was entitled to find that he had the requisite intent. The fact that he changed his mind and did not carry out the threat does not alter the fact that, if her testimony was believed and the logical inference was drawn from it, he intended to commit the crime when he assaulted the witness. This was all that was necessary to render him guilty of the crime charged.

The remaining assignments of error concern instructions given and refused. None of these is of sufficient substance to warrant a discussion. The instructions given correctly stated the applicable law and were not apt to mislead the jury. The matters contained in the appellant's requested instructions which were refused, insofar as they were pertinent and proper, were covered by the instructions which were given.

The judgment is affirmed.

WEAVER, HALE, and McGOVERN, JJ., and LANGENBACH, J. Pro Tem., concur.

June 12, 1968. Petition for rehearing denied.