[No. 2636–3.   Division Three.   June 19, 1979.]

THE STATE OF WASHINGTON, *Respondent*, v. DWAIN
C. MERRILL, *Appellant*.

Clinton J. Henderson (*William J. Tway,* of counsel), for appellant.

John Lyden, *Prosecuting Attorney,* for respondent.

MUNSON, J.—Dwain C. Merrill appeals from an Asotin County conviction of promoting prostitution in the second degree.

██ Mr. Merrill first challenges RCW 9A.88.080[1] and 9A.88.060,[2] the statutes under which he was convicted, as being unconstitutionally vague because the definition of

---

[1]RCW 9A.88.080 provides as follows:

"(1) A person is guilty of promoting prostitution in the second degree if he knowingly:

"(a) Profits from prostitution; or

"(b) Advances prostitution.

"(2) Promoting prostitution in the second degree is a class C felony."

[2]RCW 9A.88.060 provides as follows:

"The following definitions are applicable in RCW 9A.88.070 through 9A.88.090:

"(1) 'Advances prostitution.' A person 'advances prostitution' if, acting other than as a prostitute or as a customer thereof, he causes or aids a person to commit or engage in prostitution, procures or solicits customers for prostitution, provides persons or premises for prostitution purposes, operates or assists in the operation of a house of prostitution or a prostitution enterprise, or engages in any other conduct designed to institute, aid, or facilitate an act or enterprise of prostitution.

"(2) 'Profits from prostitution.' A person 'profits from prostitution' if, acting other than as a prostitute receiving compensation for personally rendered prostitution services, he accepts or receives money or other property pursuant to an agreement or understanding with any person whereby he participates or is to participate in the proceeds of prostitution activity."

prostitution in RCW 9A.88.030[3] is also unconstitutionally vague. Those arguments were specifically rejected in *State v. Cann,* 92 Wn.2d 193, 595 P.2d 912 (1979), where the court upheld the constitutionality of the "advances prostitution" statute and *State v. Zuanich,* 92 Wn.2d 61, 593 P.2d 1314 (1979), where the court expressly held RCW 9A.88.030 facially valid. Furthermore, in *State v. Yancy,* 92 Wn.2d 153, 594 P.2d 1342 (1979), the court found the definition of "profits from prostitution" constitutionally sufficient. As the court said at page 156, "The statutory definition is couched in simple language readily understandable by a person of ordinary intelligence." Therefore, we find no merit in Mr. Merrill's complaints about the constitutionality of the statutes under which he was convicted.

Mr. Merrill next challenges the information[4] as being vague and not charging an offense. He argues that by simply charging "advancing prostitution" it accuses him of numerous alternative acts, and since the information sets forth no facts, it is impossible for him to determine by which of the various alternatives he was alleged to have violated the statute.

---

[3]RCW 9A.88.030 provides:

"(1) A person is guilty of prostitution if such person engages or agrees or offers to engage in sexual conduct with another person in return for a fee.

"(2) Prostitution is a misdemeanor."

[4]The information reads:

"Comes now Jay Roy Jones, Prosecuting Attorney, in and for_____ County, State of Washington, in the name and by the authority of the State of Washington, and by this his information accuses DWAIN C. MERRILL of the crime of PROMOTING PROSTITUTION IN THE SECOND DEGREE, committed as follows, to–wit: That the said DWAIN C. MERRILL in the County of Asotin State of Washington, on or about the 5th day of October 1976, did then and there being unlawfully and feloniously knowingly advance the prostitution of Louise C. Roush, another person, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Washington.

"Dated at Asotin, Washington, this 11th day of October 1976.

"/s/ Jay Roy Jones
"Prosecuting Attorney in and for
the said County."

■ Mr. Merrill has the right to be apprised with reasonable certainty of the nature of the accusation against him so that he may prepare an adequate defense and use an acquittal or conviction as protection against a further prosecution for the same acts. *See, e.g., State v. Grant,* 89 Wn.2d 678, 686, 575 P.2d 210 (1978); *State v. Jeske,* 87 Wn.2d 760, 765, 558 P.2d 162 (1976). *State v. Carey,* 4 Wash. 424, 433, 30 P. 729 (1892). It is sufficient to charge the crime in the language of the statute if the statute defines the crime with certainty. *State v. Grant, supra; State v. Royse,* 66 Wn.2d 552, 403 P.2d 838 (1965). The definition of "advances prostitution" was considered valid in *State v. Cann, supra,* and the information filed against Mr. Merrill alleges that he knowingly advanced the prostitution of Louise C. Roush, another person, on or about October 5, 1976. While the statute defining "advancing prostitution" provides several alternative means of committing the same offense, this case is not distinguishable from *State v. Grant, supra.*[5] Furthermore, here as in *Grant,* Mr. Merrill was, through discovery, aware of the information available to the prosecutor for proving the offense. In fact, he succeeded in suppressing some of it. Preferably, the prosecutor could charge such an offense with more particularity. Nonetheless, we do not find the information so inadequate as to constitute reversible error.

■ Mr. Merrill next contends the court erred in failing to rule as a matter of law that he was entrapped to commit the offense. In *State v. Waggoner,* 80 Wn.2d 7, 10, 490 P.2d 1308 (1971), the court set out the test for entrapment:

---

[5]There the defendants were charged with obstructing a public officer, in the performance of his duty, in violation of RCW 9.69.060 which read:

> *Every person who, after due notice, shall refuse or neglect to make or furnish any statement, report or information lawfully required of him by any public officer,* or who, in such statement, report or information shall make any wilfully untrue, misleading or exaggerated statement, or who shall wilfully hinder, delay or obstruct any public officer in the discharge of his official powers or duties, shall be guilty of a misdemeanor.

*State v. Grant, supra* at 685.

Entrapment occurs only where the criminal design originates in the mind of the police officer or informer and not with the accused, and the accused is lured or induced into committing a crime he had no intention of committing. . . . The mere use of a decoy or informer to present an individual with an opportunity to commit a crime does not in itself constitute entrapment. . . . In the case now before us, the evidence favoring appellant's contention of entrapment indicates only that appellant, for unexplained reasons, was initially reluctant to enter into the transaction.

(Citations omitted.) In addition, the court said, "A police informant's use of a normal amount of persuasion to overcome this expected resistance does not constitute entrapment and will not justify an entrapment instruction." *State v. Waggoner, supra* at 11. See also *State v. Anderson,* 16 Wn. App. 553, 557–58, 558 P.2d 307 (1976).

■ Since Mr. Merrill challenges the failure of the court to find entrapment as a matter of law, all the evidence and inferences therefrom must be viewed in a light most favorable to the State. So viewed, there is sufficient evidence to create a question of fact on the issue of entrapment, and we find no error in the court's submission of the question to the jury. Here the undercover agents first contacted Mr. Merrill at a massage parlor and asked what services were available other than a hot towel bath. He told them that anything else that might possibly be available would be a matter between the agents and "technicians." Because of a delay due to accommodating customers with reservations, the agents left the establishment and returned approximately 45 minutes later when they again asked Mr. Merrill about what other services were available. He replied, "The Lord helps those who help themselves." Eventually, he told the agents, "I will be right up front with you. It will cost you 25 bucks upstairs." Then he sent a woman to meet with the agents; one of the agents testified he had sexual relations with her.

Here, as in *State v. Waggoner, supra* at 10, some evidence indicates that Mr. Merrill may have been "initially

reluctant to enter into the transaction." However, it does provide sufficient testimony for the court to submit the question of entrapment to the jury. There is no challenge to the entrapment instruction given by the court. We find no error.

Finally, Mr. Merrill contends there was insufficient evidence to support a conviction of advancing prostitution. In view of the testimony of the undercover agents as set out above, we find there was substantial evidence to support the conviction. *State v. Randecker*, 79 Wn.2d 512, 487 P.2d 1295 (1971).

The judgment of the Superior Court is affirmed.

GREEN, C.J., and ROE, J., concur.

Reconsideration denied July 18, 1979.

Review denied by Supreme Court November 9, 1979.