[No. 3855–II.   Division Two.   November 26, 1980.]

THE STATE OF WASHINGTON, *Appellant,* v. KIM
WAYNE RICHARDS, *Respondent.*

*James E. Carty, Prosecuting Attorney,* and *Curtis Wyrick, Deputy,* for appellant.

*Ben Shafton,* for respondent.

PETRICH, J.—The State appeals an order dismissing an information charging possession of a stolen firearm in violation of RCW 9A.56.160(1)(e) and 9A.56.140(1). We reverse.

The issue in this case is whether the State, which had ample evidence to support a charge of either theft or possession of stolen property, may elect to charge the defendant with possession of the stolen firearm which had a value of less than $250 rather than the theft. Possession of a stolen firearm, regardless of value, is a class C felony,[1] while theft of any object of personal property, unless it is taken from the person of another or is worth more than $250, is only a gross misdemeanor.[2]

The trial court reasoned that theft as defined in RCW 9A.56.020(1)(a) and RCW 9A.56.010(7)(a) and possession of stolen property as defined in RCW 9A.56.140(1) deal with the same subject matter. Since theft is more specific as to the type of possession, the theft statute must be applied; otherwise, the State would have the discretion to seek different punishment for the same act in violation of the equal protection clause. The trial court dismissed the information with leave to amend the information to charge an appropriate degree of theft.

In further support of the trial court's reasoning that the theft as the more specific should be charged in preference to possession, defendant relies on legislative intent and the rule of lenity.

█ It is a fundamental rule that the terms of a specific criminal statute take precedence over a general statute when both are addressed to the same subject matter. *E.g., State v. Workman,* 90 Wn.2d 443, 454, 584 P.2d 382 (1978); *State v. Walls,* 81 Wn.2d 618, 503 P.2d 1068 (1972); *State v. Becker,* 39 Wn.2d 94, 234 P.2d 897 (1951). In the present

---

[1]RCW 9A.56.160 states in pertinent part:

"(1) A person is guilty of possessing stolen property in the second degree if:

". . .

"(e) He possesses a stolen firearm.

"(2) Possessing stolen property in the second degree is a class C felony."

[2]RCW 9A.56.050 states:

"(1) A person is guilty of theft in the third degree if he commits theft of property or services which does not exceed two hundred and fifty dollars in value.

"(2) Theft in the third degree is a gross misdemeanor."

case, however, it is more logical to conclude that the possession statute is the more specific since it refers to possession of a specific item, a firearm that has been stolen. The theft statute deals with all kinds of personal property, the degree of the charge largely depending on the value.

Equal protection is violated when the prosecutor has discretion to charge a defendant with either a felony or misdemeanor when the elements contained in each statute are not distinguishable. *E.g., State v. Zornes,* 78 Wn.2d 9, 475 P.2d 109 (1970); *State v. Rentfrow,* 15 Wn. App. 837, 552 P.2d 202 (1976). Equal protection is not violated when the elements of the two offenses differ, even if the punishments set by the legislature in the two statutes seem somewhat illogical. *State v. Reid,* 66 Wn.2d 243, 401 P.2d 988 (1965) (holding it not to violate equal protection when the prosecutor may charge unlawful possession of marijuana (a felony) when the same facts could give rise to a charge of intent to use (a misdemeanor)). The crucial question in the present case, therefore, is whether the elements of third degree theft and possession of stolen property differ.

The larceny statute in effect prior to 1975 sets forth five different types of larceny: (1) taking the property of another; (2) taking property by fraudulent means; (3) wrongful retention of property by a fiduciary; (4) wrongful retention of property originally acquired by mistake; and (5) the knowing possession, receipt or concealment of property known to be wrongfully appropriated.[3] RCW 9.54-.010 (repealed Laws of 1975, 1st Ex. Sess., ch. 260). The

---

[3]Prior to its repeal, RCW 9.54.010 read as follows:

"Larceny. Every person who, with intent to deprive or defraud the owner thereof—

"(1) Shall take, lead or drive away the property of another; or

"(2) Shall obtain from the owner or another the possession of or title to any property, real or personal, by color or aid of any order for the payment or delivery of property or money or any check or draft, knowing that the maker or drawer of such order, check or draft was not authorized or entitled to make or draw the same, or by color or aid of any fraudulent or false representation, personation or pretense or by any false token or writing or by any trick, device, bunco game or fortune–telling; or

first three subsections are now essentially incorporated in the statutes defining theft (RCW 9A.56.020), and the fifth subsection governing possession of stolen property is essentially incorporated in the statute defining possession of stolen property (RCW 9A.56.140). Under the old code it was held repeatedly that each subsection defined a separate and distinct crime. *State v. Ladely,* 82 Wn.2d 172, 176, 509 P.2d 658 (1973); *State v. Harrell,* 68 Wn.2d 44, 47–48, 411 P.2d 407 (1966); *State v. Martin,* 94 Wash. 313, 318, 162 P. 356 (1917); *State v. Hite,* 3 Wn. App. 9, 12, 472 P.2d 600 (1970), *cert. denied,* 403 U.S. 933, 29 L. Ed. 2d 712, 91 S. Ct. 2262 (1971). Subsections (1)–(4) were distinguished by the manner in which unlawful acquisition was acquired, *e.g., State v. Smith,* 2 Wn.2d 118, 122, 98 P.2d 647 (1939), while the actual taking or asportation need not be proven to sustain a conviction for unlawful possession. *State v. Ketterman,* 89 Wash. 264, 154 P. 182 (1916). The crucial elements in (5) were proof of actual or constructive possession of property the defendant knew or constructively knew to have been stolen. *State v. Ashby,* 77 Wn.2d 33, 459 P.2d 403 (1969); *State v. Rye,* 2 Wn. App. 920, 471 P.2d 96 (1970). In contrast, the unlawful acquisition by defendant must be proven to support a conviction for (1), the predecessor of

---

"(3) Having any property in his possession, custody or control, as bailee, factor, pledgee, servant, attorney, agent, employee, trustee, executor, administrator, guardian or officer of any person, estate, association or corporation, or as a public officer, or a person authorized by agreement or by competent authority to take or hold such possession, custody or control, or as a finder thereof, shall secrete, withhold or appropriate the same to his own use or to the use of any person other than the true owner or person entitled thereto; or

"(4) Having received any property by reason of a mistake, shall with knowledge of such mistake secrete, withhold or appropriate the same to his own use or to the use of any person other than the true owner or person entitled thereto; and

"(5) Every person who, knowing the same to have been so appropriated, shall bring into this state, or buy, sell, receive or aid in concealing or withholding any property wrongfully appropriated, whether within or outside of this state, in such manner as to constitute larceny under the provisions of this chapter—

"Steals such property and shall be guilty of larceny."

the theft statute. *E.g., State v. Smith, supra* at 122.

It has also been held that mere evidence that defendant actually stole the property standing alone is not sufficient to prove unlawful possession. *State v. Hite, supra* at 13. However, a conviction for possession of stolen property may be sustained where there is evidence that defendant admitted to the actual theft, since such evidence is also proof of defendant's knowledge that the goods were stolen. *State v. Holman,* 58 Wn.2d 754, 758–59, 364 P.2d 921 (1961); *State v. Carden,* 50 Wn.2d 15, 308 P.2d 675 (1957); *State v. Hite, supra.* This, of course, is subject to the limitation that when proof is presented that the one possessing stolen property also stole it, such defendant may only be convicted of the initial theft or the unlawful possession, not both. *State v. Ladely, supra* at 176. *See also State v. Hite, supra.*

In the present case, it can be concluded that the elements of third degree theft and possession of a stolen firearm are crimes having distinct elements. The fact that they arise out of a fact pattern in which defendant admits that he actually stole the weapon, conduct which gives the prosecutor discretion to charge either theft or possession based upon the strength of his proof, should not violate equal protection since proof of the theft may be used as evidence of possession with knowledge under the rule of *Holman* and *Carden.* The prosecutor should then be allowed to present evidence on the additional element of continued possession necessary to obtain a conviction for possession of stolen property. The charging discretion can also be upheld based upon a legislative intent of punishing persons possessing stolen firearms more severely than persons who steal items of similar monetary value since firearms no doubt present a greater potential danger to society once converted to stolen property. *See State v. Reid, supra.*

The trial court's judgment is reversed and the matter remanded for further proceedings under the information.

REED, C.J., and PETRIE, J., concur.

Reconsideration denied December 26, 1980.

Review denied by Supreme Court February 27, 1981.