[No. 5216-8-III.   Division Three.   June 30, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. ALVA
O. JENNINGS, *Appellant.*

*Sharon Carberry,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Donald Kresse, Jr., Deputy,* for respondent.

MUNSON, J.—Alva O. Jennings appeals his conviction of five counts of second degree possession of stolen property. The issues presented are whether the court erred in: (1) admitting evidence of other crimes committed by several of the State's witnesses; (2) denying Mr. Jennings' request for continuance due to the absence of a potential defense witness; and (3) refusing to give a proposed jury instruction regarding accomplices. We affirm.

On January 7, 1982, Mr. Jennings was charged with several counts of second degree possession of stolen property.

A 19–inch TV and five firearms were seized from his home. At trial, Mr. Schlepp, the true owner of these items, identified them and testified as to his ownership. Juveniles who burglarized the Schlepp home testified they either sold the stolen items to Mr. Jennings or were present when the sales were made. Also, other witnesses testified regarding burglaries they had committed and how they sold the stolen items to Mr. Jennings.

During trial, Mr. Jennings moved for a continuance because a defense witness was missing. This motion was denied. Thereafter, Mr. Jennings' counsel attempted to have another witness testify as to what the missing witness would have said, the testimony was not admitted on the ground it was hearsay. At the close of the trial, Mr. Jennings proposed an accomplice instruction with respect to the juvenile witnesses who testified against him. The instruction was refused. The jury found Mr. Jennings guilty. He appeals.

First, Mr. Jennings contends the court erred in admitting evidence of other crimes committed by several of the State's witnesses. We disagree.

■ ER 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The reason for the rule is to effectuate the policy which prohibits introduction by the State of evidence of a defendant's bad character unless relevant for some other purpose. *State v. Fernandez*, 28 Wn. App. 944, 949, 628 P.2d 818 (1980). Here, the evidence challenged was of crimes not committed by Mr. Jennings. Cases interpreting ER 404(b) all address the defendant's prior misconduct and its potential prejudicial effect, not crimes committed by other witnesses. *See State v. Saltarelli*, 98 Wn.2d 358, 655 P.2d 697 (1982); *State v. Robtoy*, 98 Wn.2d 30, 653 P.2d

284 (1982); *State v. Tharp,* 96 Wn.2d 591, 637 P.2d 961 (1981); *State v. Platz,* 33 Wn. App. 345, 655 P.2d 710 (1982); *State v. Barringer,* 32 Wn. App. 882, 650 P.2d 1129 (1982); *State v. Castro,* 32 Wn. App. 559, 648 P.2d 485 (1982); *State v. Brush,* 32 Wn. App. 445, 648 P.2d 897 (1982); *State v. Potter,* 31 Wn. App. 883, 645 P.2d 60 (1982); *State v. Bouchard,* 31 Wn. App. 381, 639 P.2d 761 (1982); *State v. Anderson,* 31 Wn. App. 352, 641 P.2d 728 (1982).

Furthermore, the elements of possession of stolen property are: (1) actual or constructive possession of stolen property, and (2) actual or constructive knowledge the property is stolen. RCW 9A.56.140(1); *see State v. Richards,* 27 Wn. App. 703, 706, 621 P.2d 165 (1980). In *State v. Vindhurst,* 63 Wn.2d 607, 614, 388 P.2d 552 (1964), the court held no error was committed by admitting evidence of a burglary because it was related to and tended to prove an essential ingredient of the crime charged.

Here, the evidence of the burglaries committed by the other witnesses was relevant to prove Mr. Jennings' guilt of possession of stolen property. Also, this evidence was related to the charge of possession of stolen property because it shows not only that the property was stolen, but also that it was in Mr. Jennings' control. The circumstances surrounding the burglaries, *i.e.,* items seized, age of burglars and frequency of their visits to Mr. Jennings' house for sales of stolen property tend to show Mr. Jennings had knowledge the items were indeed stolen.

Second, Mr. Jennings contends the court erred in denying his request for continuance due to the absence of a potential defense witness. We disagree.

The grant or denial of the motion for continuance rests within the sound discretion of the trial court. *State v. Williams,* 84 Wn.2d 853, 855, 529 P.2d 1088 (1975); *State v. Kelly,* 32 Wn. App. 112, 114, 645 P.2d 1146 (1982); *State v. Henderson,* 26 Wn. App. 187, 190, 611 P.2d 1365 (1980). The decision is discretionary because the court must consider various factors, one being redundancy. *State v. Eller,*

84 Wn.2d 90, 95, 524 P.2d 242 (1974); *State v. Kelly, supra* at 114. Here, the testimony the absent witness would have given was merely repetitious of that given by several other witnesses.

Also when the denial of a continuance is challenged as depriving the defendant of a fair trial, the court must examine the totality of the circumstances. *State v. Kelly, supra* at 114–15. Having reviewed the record, we find the court did not abuse its discretion nor deny Mr. Jennings a fair trial by failing to grant the continuance.

█ Finally, Mr. Jennings contends an accomplice is a special kind of witness and a cautionary instruction on the credibility of an accomplice should have been given. We disagree.

RCW 9A.08.020(3) provides:

A person is an accomplice of another person in the commission of a crime if:
(a) With knowledge that it will promote or facilitate the commission of the crime, he
(i) solicits, commands, encourages, or requests such other person to commit it; or
(ii) aids or agrees to aid such other person in planning or committing it; or
(b) His conduct is expressly declared by law to establish his complicity.

An accomplice is one who could be indicted for the same crime as that for which the principal is being tried. *State v. Boast,* 87 Wn.2d 447, 455, 553 P.2d 1322 (1976); *State v. Castro,* 32 Wn. App. 559, 563, 648 P.2d 485 (1982). An accomplice must associate himself with the venture and participate in it as something he wishes to bring about and by his action make it succeed. *State v. Boast, supra* at 456; *State v. Castro, supra* at 563. Here, there is no evidence Mr. Jennings ever helped plan, execute or solicit any of the burglaries. There was no contention Mr. Jennings was the "Fagin" of a gang of thieves; the issue was whether he knowingly purchased stolen property.

█ However, assuming arguendo the juvenile witnesses who admitted they committed burglaries were accomplices,

the question is whether a cautionary instruction on accomplice testimony was mandatory. A cautionary instruction regarding the testimony of an accomplice is not required when such testimony is corroborated by other evidence. *State v. Lee,* 13 Wn. App. 900, 910, 538 P.2d 538 (1975). Here, the testimony of the alleged accomplices was corroborated by the admission of the TV and five firearms seized from Mr. Jennings' home and the identification of these items by their true owner.

Finding no error, we affirm.

ROE, C.J., and GREEN, J., concur.

Reconsideration denied July 27, 1983.

Review denied by Supreme Court November 4, 1983.