[No. 9416-9-II. Division Two. July 8, 1986.]

THE STATE OF WASHINGTON, *Petitioner*, v. RAYMOND
WELTY, *Respondent*.

*Gary P. Burleson, Prosecuting Attorney,* and *Victoria Meadows, Deputy,* for petitioner.

*Charles H. Williams,* for respondent.

■ WORSWICK, C.J.—Raymond Welty was determined by the sentencing judge to be a first time offender (former RCW 9.94A.030(12); RCW 9.94A.120(5)) after he pleaded guilty to five nonviolent felony charges alleged in two informations. Accordingly, the sentence imposed was below the range set by the Sentencing Reform Act of 1981 for the same crimes committed by a defendant with a prior felony conviction. The State filed an appeal, contending that Welty was not a first time offender, because he was sentenced on multiple felony convictions. The sentence in question is not appealable. RCW 9.94A.210(1). However, because the issue raised is of first impression and a decision will be of assistance to the profession, we elect to treat the State's notice of appeal as a motion for discretionary review. RAP 6.2. We accept review, and affirm.

RCW 9.94A.120(5) provides:

> In sentencing a first–time offender, other than a person convicted of a violation of Chapter 9A.44 RCW [sexual offenses] or RCW 9A.64.020 [incest], the court may waive the imposition of a sentence within the sentence range and impose a sentence which may include up to ninety days of confinement . . . [and] up to two years of community supervision, . . .

RCW 9.94A.030(12) defines "first time offender" as:

> [A]ny person convicted of a felony not classified as a violent offense under this chapter, who previously has never been convicted of a felony in this state, federal court, or another state, and who has never participated in a program of deferred prosecution for a felony offense.

The State concedes that the offenses in question were not classified as violent, and that Welty was not sentenced under RCW 9A.44 or RCW 9A.64.020, has not been previously convicted of a felony in any jurisdiction, and has never participated in a deferred prosecution program. However, it argues that because he was simultaneously convicted and sentenced on five felony counts, he does not fall within the statutory definition of first offender.

■ The State contends that "any person convicted of a felony" clearly means "any person convicted of one, and

only one, felony." We cannot agree. Legislatures often use "a" in the sense of "any", and apply it to more than one individual object. Black's Law Dictionary 1 (4th ed. 1969). In most cases, courts will construe "a" as applying to the plural as well as the singular, unless a contrary intention appears on the face of the statute. *See* RCW 1.12.050; 2A C. Sands, *Statutory Construction* § 47.34 (4th ed. 1984). No such contrary intention appears on the face of RCW 9.94A-.030(12). At most, the statute is ambiguous. In construing an ambiguous criminal statute, the rule of lenity requires us to adopt the interpretation most favorable to the defendant. *State v. Hartley*, 41 Wn. App. 669, 673, 705 P.2d 821 (1985).

The State also contends that its interpretation is supported by the general purposes of the sentencing reform act. It notes that a principal goal of the act is to achieve uniform, commensurate punishment for all offenders—in other words, to punish like crimes alike, and different crimes differently. RCW 9.94A.010. To sentence Welty as a first time offender, the State argues, would be to treat him like someone who has been convicted of only one crime, thus violating the principles of uniformity and proportionality.

The State is partly right. The act generally renounces the rehabilitative ideal of punishment, by which judges were given broad discretion to tailor sentences to the individual defendant, in favor of a policy of uniformity and proportionality of punishment. D. Boerner, *Sentencing in Washington* §§ 2.1–2.5 (1985). The act greatly restricts a sentencing judge's discretion, setting specific sentence ranges for each offender that depend on his crime and criminal history.

However, where first time offenders are concerned, the Legislature has recognized that the rehabilitative ideal has potential efficacy. Boerner, § 7.1. Presumably, the Legislature decided that a potential for rehabilitation exists in those who have not become hardened criminals. The act gives judges a great deal of discretion in sentencing first

time offenders, and does not permit appellate review of their decisions. RCW 9.94A.210(1). Therefore, as to first time offenders, the goals of uniformity and proportionality give way to that of rehabilitation.

It follows that, in deciding whether Welty was properly treated as a first time offender, the pertinent inquiry is whether he had already been subjected to the criminal justice system and had reoffended. In other words, is he outside the class of offenders that the Legislature believes might profit from a specially tailored discretionary sentence?

The answer is no. At the time he was sentenced, Welty had not yet been punished for any of his felonies. Thus, he had not been given an incentive or an opportunity to rehabilitate himself. There is no evidence that he is an unlikely subject for rehabilitation. In that sense he is more like the single offender than like one who has been previously involved with the system.

In sum, the sentencing reform act permits judges to treat multiple offenders as first time offenders if they are proper candidates for rehabilitation and otherwise meet the criteria of RCW 9.94A.030(12). Qualifications for rehabilitation must necessarily be determined on a case–by–case basis, in the sound discretion of the sentencing court.

It should also be noted that a sentencing court is permitted, not required, to utilize this option. RCW 9.94A.120(5). Here, again, the Legislature invested sentencing courts with discretion.

Affirmed.

PETRICH and ALEXANDER, JJ., concur.

Review denied by Supreme Court October 7, 1986.