[No. 17191–7–I. Division One. November 2, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. MICHAEL SCOTT SMITH, *Appellant.*

*Mark Mestel* and *Mestel & Muenster,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine* and *David Kurtz, Deputies,* for respondent.

SWANSON, J.—Michael Smith was convicted by a court, sitting without a jury, of second degree possession of stolen property. He appeals contending that (1) the information was constitutionally defective, and (2) the court erred in imposing a sentence of 90 days.

On September 21, 1984, Jacqueline Marcell's 1975 Toyota Celica was stolen. Based on an informant's tip, the police discovered various parts of the vehicle at one residence and what was left of the car at the residence of Michael Smith. Testimony at trial was that Smith had paid someone to steal the car and someone else to "chop" the car

into parts.

Smith was charged by the following amended information:

> Second degree possession of stolen property, committed as follows: That the defendants, on or about the 21st day of September, 1984, to the 16th day of October, 1984, did possess a stolen motor vehicle, to–wit: a 1975 Toyota Celica, belonging to Jacqueline Marcell; proscribed by RCW 9A.56.160(1)(d), a felony, . . .

The court found him guilty of that charge and sentenced him to 90 days' confinement. We affirm.

 Smith first contends that the information was constitutionally defective because it failed to allege an essential element of the crime, namely, knowledge the property was stolen. This omission, defendant asserts, renders the information fatally defective and requires a dismissal. Although Smith attacks the sufficiency of the information for the first time on appeal, his failure to question the information at any time during trial does not preclude our consideration of the question. *State v. Holt,* 104 Wn.2d 315, 704 P.2d 1189 (1985). Because the question has been raised for the first time on appeal, however, we test the information's sufficiency by a stricter standard than if raised first below. Under these circumstances, courts have held that the information is immune from attack unless so obviously defective as not to charge the offense by any reasonable construction. *See United States v. Wabaunsee,* 528 F.2d 1, 2 (7th Cir. 1975).

 It has long been the general rule in this state

> that it is sufficient, in charging a crime, to follow the language of the statute, where such crime is there defined and the language used is sufficient to apprise the accused, with reasonable certainty, of the nature of the accusation, so that he may be able to avail himself of his acquittal or conviction as a protection against further prosecutions for the same offense.

*State v. Randall,* 107 Wash. 695, 696–97, 182 P. 575 (1919); *see also State v. Grant,* 89 Wn.2d 678, 686, 575 P.2d 210 (1978); *State v. Forler,* 38 Wn.2d 39, 43, 227 P.2d 727

(1951). These requirements were met here.

Smith was charged in the language of RCW 9A.56-.160(1)(d), which provides in pertinent part:

(1) A person is guilty of possessing stolen property in the second degree if:

. . .

(d) He possesses a stolen motor vehicle of a value less than one thousand five hundred dollars . . .

Although not set forth in the charging statute or in the information, "possessing stolen property" is defined as

knowingly to receive, retain, possess, conceal, or dispose of stolen property knowing that it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto.

RCW 9A.56.140(1).

It is true, as appellant notes, that knowledge the property is stolen is an element that must be proved at trial in order to convict a defendant of possession of stolen property. *See, e.g., State v. Summers,* 45 Wn. App. 761, 728 P.2d 613 (1986). However, a failure to include in the information every element and the concomitant legal definitions that must be instructed upon or proved at trial does not render the information constitutionally defective. *See State v. Orsborn,* 28 Wn. App. 111, 114, 626 P.2d 980 (1980) (information need not allege each element of the crime if it follows language of statute and is sufficient to apprise accused with reasonable certainty of nature of accusation), *review denied,* 97 Wn.2d 1012 (1982).

In *State v. Merrill,* 23 Wn. App. 577, 597 P.2d 446, *review denied,* 92 Wn.2d 1036 (1979), under circumstances similar to those here, we upheld an information couched in statutory terms of art. In *Merrill,* the defendant was charged with promoting prostitution in the second degree by advancing prostitution. RCW 9A.88.080(1)(b). The pertinent portion of the information alleged that the defendant, on a specific date, "did then and there being unlawfully and feloniously knowingly advance the prostitution of . . . another person . . ." *Merrill,* at 579 n.4. We rejected the

defendant's claims that the information was vague and failed to charge an offense and held that the charging language, which tracked the statute, was sufficient, even though the term "advances prostitution" has a specific and extensive statutory definition that was not set forth or even referred to in the information. *See* RCW 9A.88.060; *cf. State v. Grant, supra.*

Here, the State charged Smith with possessing a stolen vehicle. This language was sufficient to charge a crime, since the term possession necessarily encompassed the statutory definition, including the knowledge element. *Cf. State v. Thomas*, 73 Wn.2d 729, 731, 440 P.2d 488 (1968) ("By definition, a complaint, stated in the language of a statute defining a crime, states a crime (assuming the statute is constitutional . . .)").[1]

---

[1]Appellant does not argue that he was not aware of the knowledge element or that omission of the element in the information in any way prejudiced his defense; nor is there a challenge to the sufficiency of the evidence. The record discloses that the defendant and his counsel specifically waived any objection to the filing of the amended information and also waived its reading in open court. In response to the court's question Smith indicated that he understood the nature of the charge. Further, the prosecutor outlined in detail during his opening statement the evidence he intended to present, which included proof that the defendant possessed the car in question knowing it had been stolen.

In addition, because the information here alleged the specific statutory elements and charged a crime, it also fell within the "common understanding" rule, *i.e.,*

> that an information will be considered sufficient, if a person of common understanding can, from the allegations of the information, know the exact nature of the charge against him.

*State v. Unosawa*, 29 Wn.2d 578, 589, 188 P.2d 104 (1948). A person of ordinary intelligence would realize that criminal liability for an offense involving stolen property necessarily requires knowledge that the property was stolen.

In *State v. Bower*, 28 Wn. App. 704, 626 P.2d 39 (1981), the defendant was charged with preventing an officer of a state penal institution from carrying out his duties. We rejected the defendant's claim that the information was defective because it omitted the implicit element of knowledge or intent. Judge Ringold's observations in this context are also pertinent here:

> In light of the well established rule implying the requisite mental state as an element of the offense, the statute's omission of the mental element in the information is of no significance. It adequately apprised Bower of the charge against him.

*Bower*, at 707 n.2.

*State v. Holt, supra,* and *State v. Ashker,* 11 Wn. App. 423, 523 P.2d 949 (1974), *overruled on other grounds in State v. Braithwaite,* 92 Wn.2d 624, 600 P.2d 1260 (1979), relied upon by appellant, are distinguishable. In *Holt,* the court reversed and dismissed a conviction for child pornography because the information failed to allege (1) a knowing possession of obscene material and (2) knowledge that the materials depicted a minor engaged in sexual conduct. A similar result was reached in *Ashker,* where the information failed to allege the specific intent to harass, intimidate, or embarrass another in a prosecution for making unlawful telephone calls. The decisions in *Holt* and *Ashker,* however, both rested on the omission of an express statutory element. *See Holt,* at 320; *Ashker,* at 426. Here, as already indicated, Smith was charged in the language of the statute, which set forth the statutory elements of the crime. While it would be better practice to include in the information the pertinent portion of the definition of "possessing stolen property" contained in RCW 9A.56.140(1), the absence of such language here does not render the information constitutionally defective. *See State v. Merrill, supra.*[2]

In a related argument, Smith alleges that his waiver of the right to a jury trial was not knowing and voluntary because it was premised on an inadequate disclosure of the alleged crime in the information. Given our conclusion that the information was sufficient to inform Smith of the charges against him, we need not further discuss this contention.

---

[2]Given the circumstances here, including a brief but constitutionally adequate information, the absence of any prejudice to the defense, and the absence of any objection or request for enlightenment by the defendant, the information should be deemed to be amended to conform to the allegations delineated by the prosecutor during the opening statement, including the clear contention that Smith knew the vehicle was stolen. *Cf. State v. Bowman,* 57 Wn.2d 266, 270, 356 P.2d 999 (1960) (information deemed to conform to evidence introduced by State without objection when defendant not prejudiced in substantial right, construing former Rule of Pleading, Practice, and Procedure 101.04W(2)); *cf.* also CrR 2.1(e) (court may permit amendment of information at any time before verdict if substantial rights of defendant not prejudiced).

Finally, Smith challenges his 90–day sentence. Under the sentencing reform act, the presumptive sentence range was 0 to 60 days. In imposing a sentence of 90 days, the trial court relied on alternative grounds: (1) an exceptional sentence based on the offense involving "an ongoing series of illegal activities, reflecting a sophisticated scheme, with an inordinate amount of planning" and the fact that the defendant showed no remorse; and (2) the first–time offender provisions of former RCW 9.94A.120(5). We do not decide whether the exceptional sentence was error, since the trial court did not abuse its discretion in sentencing Smith as a first–time offender.

Smith argues that the trial court abused its discretion in sentencing him as a first–time offender to a longer period of confinement than would have occurred had the option not been chosen. Smith contends the sentence in this case was inconsistent with the rehabilitative goals of the first–time offender option.

Smith concedes he fell within the statutory definition of a first–time offender, former RCW 9.94A.030(12), which permits the court to waive imposition of a sentence within the standard range and impose a period of confinement up to 90 days and a variety of additional sentencing conditions. Once eligibility is established, the trial court has great discretion in sentencing pursuant to this provision. *See State v. Boze*, 47 Wn. App. 477, 735 P.2d 696 (1987); *State v. Welty*, 44 Wn. App. 281, 726 P.2d 472, *review denied*, 107 Wn.2d 1002 (1986). A sentence imposed on a first offender is deemed to be within the standard range for the offense and is not appealable. RCW 9.94A.210; *State v. Welty, supra.*

Moreover, the fact that Smith received a more onerous sentence as a first–time offender than under the standard range, while seemingly anomalous, is nonetheless completely consistent with the "coercive rehabilitation–oriented" philosophy underlying the provision. *See generally* D. Boerner, *Sentencing in Washington* § 7 (1985). Such a result was recognized by the Sentencing Guidelines Com-

mission and intended by the Legislature. Boerner § 7.6(a). The sentencing judge is not required to consider the defendant's rehabilitative potential on the record. *State v. Boze, supra.*

Judgment affirmed.

SCHOLFIELD, C.J., concurs.

WILLIAMS, J. (dissenting)—I dissent. The information is fatally defective because it does not charge Smith with having committed a crime. There is nothing illegal about being in possession of stolen property unless one knows it to have been stolen. The majority, in upholding the charge that the defendant "did possess a stolen motor vehicle," misapplies the statutory language rule and the statutory element rule. Under the former, it is sufficient to charge a crime in the language of the statute if the statute defines the crime with certainty. *State v. Grant,* 89 Wn.2d 678, 686, 575 P.2d 210 (1978). This rule was first set forth in Washington in *State v. Carey,* 4 Wash. 424, 30 P. 729 (1892), and was summarized in *State v. Randall,* 107 Wash. 695, 696–97, 182 P. 575 (1919) as follows:

> It is undoubtedly the rule in this jurisdiction that it is sufficient, in charging a crime, to follow the language of the statute, where such crime is there defined and the language used is sufficient to apprise the accused, with reasonable certainty, of the nature of the accusation . . .

Under the statutory element rule, the omission of any statutory element of a crime in the charging document is a constitutional defect which requires dismissal. *State v. Holt,* 104 Wn.2d 315, 320–21, 704 P.2d 1189 (1985). This rule is based on amendment 10 to article 1, section 22 of the Washington Constitution: "In criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation against him". The Washington provision has the same effect as the sixth amendment to the United States Constitution: "In all criminal prosecutions, the accused shall . . . be informed of the nature and cause

of the accusation". *State v. Newson,* 8 Wn. App. 534, 536, 507 P.2d 893 (1973).

In *United States v. Simmons,* 96 U.S. 360, 362, 24 L. Ed. 819 (1877), the Supreme Court made clear that the use of statutory language is adequate only when it states every element of the crime:

> But to this general rule there is the qualification, fundamental in the law of criminal procedure, that the accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him, to the end that he may prepare his defence, and plead the judgment as a bar to any subsequent prosecution for the same offence. An indictment not so framed is defective, although it may follow the language of the statute.

In Washington, the Supreme Court has said:

> This court has many times approved the statement . . . to the effect that the information must state the acts constituting the offense in ordinary and concise language, not the name of the offense, but the statement of the acts constituting the offense is just as important and essential as the other requirements of the information, such as the title of the action and the names of the parties.

*State v. Royse,* 66 Wn.2d 552, 557, 403 P.2d 838 (1965).

Elements of the crime of possession of stolen property are (1) possession of stolen property, and (2) knowledge the property is stolen. *State v. Jennings,* 35 Wn. App. 216, 219, 666 P.2d 381, *review denied,* 100 Wn.2d 1024 (1983); *see also State v. Holman,* 58 Wn.2d 754, 758, 364 P.2d 921 (1961); *State v. Rhinehart,* 21 Wn. App. 708, 712, 586 P.2d 124 (1978), *rev'd on other grounds,* 92 Wn.2d 923, 602 P.2d 1188 (1979). Without incorporating the definition of RCW 9A.56.140(1) containing the element of knowledge into the charge, there is no crime alleged, and thus no cause of action. To be a sufficient statement of the crime, the language of RCW 9A.56.140(1) must be included in the information with that of RCW 9A.56.160.

To illustrate, conform the decision relied upon by the majority, *State v. Merrill,* to this case. The information would read that the defendant "did then and there advance

the prostitution of another person," rather than, as was the case in *Merrill,* the defendant "did then and there being unlawfully and feloniously knowingly advance the prostitution of . . . another person".

I would reverse and dismiss.

Review denied by Supreme Court February 11, 1988.