[No. 37430-3-I.   Division One.   September 2, 1997.]

JAMES HINTON, ET AL., *Appellants*, v. KEITH JOHNSON, ET AL., *Respondents*.

*Daniel C. Jacobson* and *Chism, Jacobson & Johnson, P.L.L.C.*; and *Michael T. Shein*, for appellants.

*Samuel E. Baker, Jr., Arthur D. McGarry*, and *Oles, Morrison & Rinker*, for respondents.

BAKER, C.J. — James Hinton, an unregistered contractor, entered into an oral contract with Keith Johnson to work on Johnson's large residential real estate development. When Johnson refused to pay Hinton for work

performed in 1991, Hinton filed a lien and later filed an action for breach of contract and to foreclose the lien. The trial court dismissed Hinton's claims based upon the bar against claims by unregistered contractors in the contractor's registration act, chapter 18.27 RCW (CRA). The CRA does not apply to actions between contractors. Because Johnson was regularly engaged in the business of contracting and none of the CRA's exemptions apply to him, we hold that Johnson cannot raise the bar of the CRA in this action. We therefore reverse the summary judgment and remand for further proceedings.

## FACTS

Johnson, a realtor and developer since 1954, is the owner and developer of Cascade Ridge. Johnson hired between 8 and 16 contractors to work on Cascade Ridge, at least 8 of which were registered contractors. Hinton, a road-building and land-clearing contractor, began working on Cascade Ridge as a subcontractor for a registered contractor.

Later Hinton orally contracted with Johnson to perform clearing, grubbing, grading, excavation, and other related tasks on Cascade Ridge, working directly for Johnson. Johnson agreed to pay for labor, materials, and equipment on an hourly or time and material basis. Hinton was not registered as a contractor. Johnson did not ask if Hinton was a registered contractor, but he did require proof of insurance from Hinton. Hinton worked for Johnson through 1991; however, Johnson paid Hinton only through 1990.

Hinton filed a lien on Cascade Ridge. He later filed an action for breach of contract and to foreclose the lien. Johnson admitted to the oral contract, but he raised several affirmative defenses and counterclaimed for breach of contract.

Johnson moved for summary judgment, arguing that RCW 18.27.080 bars Hinton from bringing the action

because he is not a registered contractor. The trial court granted summary judgment dismissing Hinton's claims.

## ANALYSIS

■ We review a summary judgment de novo, engaging in the same inquiry as the trial court and viewing all facts and reasonable inferences in the light most favorable to the nonmoving party.[1] Summary judgment is appropriate when the pleadings, affidavits, depositions, and admissions indicate that no genuine issue of material fact is at issue and that reasonable minds could reach only one conclusion from the record.[2]

■ At issue here is whether Johnson can use the CRA as a shield barring Hinton's claims. The supreme court has held that the CRA does not bar a claim by an unregistered subcontractor against a prime contractor.[3] In reaching this conclusion, the court examined the legislative purpose of the CRA, which states that the CRA was enacted " 'to afford protection *to the public from* unreliable, fraudulent, financially irresponsible, or incompetent *contractors.*' "[4] The court reasoned that protecting the public does not require protecting contractors from each other, but does require protecting contractors' customers, who are not regularly in the business of acting as contractors.[5]

Thus, we first consider whether Johnson is a contractor or is routinely in the business of acting as a contractor. A contractor is defined in RCW 18.27.010(1) as:

> any person, firm or corporation who or which, in the pursuit of an independent business undertakes to, or offers to undertake, or submits a bid to, construct, alter, repair, add

---

[1] *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982).

[2] *Wilson*, 98 Wn.2d at 437; CR 56(c).

[3] *Bremmeyer v. Peter Kiewit Sons Co.*, 90 Wn.2d 787, 791, 585 P.2d 1174 (1978).

[4] *Bremmeyer*, 90 Wn.2d at 791 (quoting RCW 18.27.140).

[5] *Bremmeyer*, 90 Wn.2d at 791-92.

to, subtract from, improve, move, wreck or demolish, for another, any building, highway, road, railroad, excavation or other structure, project, development, or improvement attached to real estate or to do any part thereof including the installation of carpeting or other floor covering, the erection of scaffolding or other structures or works in connection therewith or who installs or repairs roofing or siding; *or, who, to do similar work upon his own property, employs members of more than one trade upon a single job or project or under a single building permit except as otherwise provided herein.*[6]

Johnson does not dispute that he employed members of more than one trade, including Hinton, to work on Cascade Ridge. He is therefore a contractor as defined in the above section.

■ Moreover, Johnson routinely engaged in the business of acting as a contractor. Johnson does not dispute that since 1954 he has developed 10 to 12 projects on his own land. Thus, Johnson not only satisfies the statutory definition of a contractor, but he is also routinely in the business of acting as a contractor.[7] Unless Johnson is exempt from the CRA, he cannot use it to bar Hinton's claims under *Bremmeyer* because this action is between two contractors.

Johnson argues that he cannot be a contractor under the CRA because he falls within the exemption in RCW 18.27.090(11), which states that "[a]n owner who contracts for a project with a registered contractor" is not subject to the CRA.

Hinton argues that this exemption applies only to an owner who contracts with "a [single] registered contractor," and thus it does not apply to Johnson because he hired several registered contractors. We disagree with Hinton's construction of the statutory language.

---

[6](Emphasis added.)

[7]Hinton also argues that Johnson was a general contractor because he supervised the development of Cascade Ridge. *See* RCW 18.27.010(2) (definition of general contractor). Our determination that Johnson is a contractor makes it unnecessary to address whether Johnson was also a general contractor.

██ Generally, we construe "a" as applying to the plural as well as the singular, unless a contrary intention appears on the face of the statute.[8] No contrary intention appears in this statute. In addition, construction of the exemption to apply only to the singular is difficult to reconcile with the definition of contractor in RCW 18.27.010(1), which states that a contractor is a property owner who employs members of more than one trade to work on his or her property. The language of the definition creates an automatic exemption for an owner who contracts only with a single contractor. A similar construction of the exemption in RCW 18.27.090(11) would render it superfluous.[9]

Johnson argues that this exemption applies whenever an owner contracts with at least one registered contractor. We disagree. To so construe the exemption, no matter how many unregistered contractors are hired in addition to the registered contractor, would defeat the CRA's purpose of protecting the public. Moreover, limiting the exemption to owners who contract only with registered contractors furthers the CRA's goal of protecting the public by protecting subsequent purchasers.[10]

We agree, however, with Hinton's contention that applying this exemption to Johnson, who routinely hired multiple contractors, would conflict with *Bremmeyer*'s holding that the CRA applies to anyone who is by definition a contractor or who is routinely in the business of acting as a contractor.[11] We hold that Johnson is regularly in the business of acting as a contractor and that the

---

[8]*State v. Welty*, 44 Wn. App. 281, 283, 726 P.2d 472, *review denied*, 107 Wn.2d 1002 (1986); *see also* RCW 1.12.050 ("[w]ords importing the singular number may also be applied to the plural of persons and things; words importing the plural may be applied to the singular").

[9]*See Clark v. Pacificorp*, 118 Wn.2d 167, 183, 822 P.2d 162 (1991) (holding that court must construe statute as whole, giving meaning to all parts, so that no part is superfluous).

[10]*See* RCW 18.27.090(12) (exception to exemption when owner contracts to repair property for resale).

[11]*Bremmeyer*, 90 Wn.2d at 791-92.

exemption in RCW 18.27.090(11) does not apply to him; therefore, Johnson cannot assert RCW 18.27.080 as a bar to Hinton's action.

■ Hinton also argues that Johnson failed to timely raise the CRA as an affirmative defense. While noncompliance with the CRA may be, a form of contract illegality that must be pleaded as an affirmative defense, such an error is waived when the issue is tried by the express or implied consent of the parties.[12] Here, while Johnson did not raise the CRA's bar until his summary judgment motion, Hinton defended the motion on its merits without objecting to its timeliness. Because the issue was tried with the parties' implied consent, Hinton's argument that Johnson waived the CRA defense fails.

Reversed and remanded for further proceedings.

GROSSE and ELLINGTON, JJ., concur.

Reconsideration denied October 1, 1997.

Review denied at 134 Wn.2d 1022 (1998).

---

[12]*Compare Vedder v. Spellman*, 78 Wn.2d 834, 837, 480 P.2d 207 (1971) (noncompliance with statute is form of contract illegality), and CR 8(c) (illegality is affirmative defense that must be pleaded), *with Rainier Nat'l Bank v. Lewis*, 30 Wn. App. 419, 422, 635 P.2d 153 (1981) (citing *Farmers Ins. Co. v. Miller*, 87 Wn.2d 70, 76, 549 P.2d 9 (1976)) (party waives right to challenge failure to raise affirmative defense if it is tried by express or implied consent).