Fearing, C.J.
¶27 (concurring in part and dissenting in part) — The majority justifies its ruling on four propositions. First, Washington earlier adopted Restatement (Second) of Torts § 314A (Am. Law Inst. 1965). Second, the Department of Corrections’ duty to protect others from criminal acts of third parties extends to felons in community custody, not only those in prison. Third, the Department of Corrections, as a matter of law, is not liable for denying Ahmet Hopovac the opportunity to use a gun to protect himself since Hopovac’s status as a felon already precluded his possession of a gun. Fourth, the Department of Corrections, as a matter of law, is not liable for precluding Hopovac’s flight from Grant County because the opportu *827 nity to flee town, the county, or the state does not qualify as “normal opportunities for protection.”
¶28 I agree with the majority’s first three rulings. I disagree with the fourth ruling. Admittedly an exhaustive search finds no decision wherein a court held that a question of fact existed as to the liability of a government entity because parole conditions precluded travel outside a county or that the ability to travel beyond one’s county constitutes a “normal opportunity for protection.” Nevertheless, the majority cites no authority to support its position to the contrary. The majority also fails to analyze what constitutes a normal opportunity for protection and omits any explanation for stating that disappearing from one’s community does not constitute a normal opportunity for protection.
¶29 Subsection 4 of Restatement (Second) of Torts § 314A provides:
One who is required by law to take or who voluntarily takes the custody of another under circumstances such as to deprive the other of his normal opportunities for protection is under a similar duty to the other.
(Emphasis added.) The words “normal” and “opportunity” are key to our analysis. The terms may need no defining, but the Cambridge English Dictionary defines “normal” as
ordinary or usual; as would be expected.
Cambridge English Dictionary Online, http://dictionary.cam bridge.org/us/dictionary/english/normal (last visited Feb. 1, 2017). The same dictionary defines “opportunity” as
an occasion or situation which makes it possible to do something that you want to do or have to do, or the possibility of doing something.
Cambridge English Dictionary Online, http://dictionary.cam bridge.org/us/dictionary/english/opportunity (last visited Feb. 1, 2017). Under the Restatement, fleeing one’s town to avoid violence need not be an ordinary step actually taken *828 by those in danger. Running need not be a typical measure exercised. Instead, skedaddling need only be an ordinary possibility.
¶30 Because of a sheltered, privileged life and because of a large, formerly athletic frame, I have never needed or sought protection from a mob, a gang, an angry spouse, or anyone wishing to physically harm me. Nevertheless, from my decades of reading newspapers, I know that Mafia snitches must often escape their respective communities and assume other identities. From my experience as a lawyer, I comprehend that wives of abusive husbands must flee or would benefit by fleeing to another county or state. Thus, a parole condition eliminating one’s liberty to escape to another county or beyond may interfere with a normal opportunity for protection. At least, a trier of fact should determine whether flight constitutes an ordinary possibility for protection.
¶31 The criminal justice system depends extensively on the cooperation of informants. Although Ahmet Hopovac may not have been an informant, a criminal gang considered him an informant. Public policy should encourage state protection of informants or purported informants facing the wrath of a mob, about whom the informant tattled.
¶32 The majority additionally concludes that Ahmet Hopovac fails to present a question of fact as to the application of Restatement (Second) of Torts § 314A because Restatement subsection 4 refers to “normal opportunities for protection.” The majority emphasizes the plural nature of the word “opportunities.” From this emphasis, the majority concludes that any plaintiff relying on the Restatement language must present evidence that his custodian thwarted more than one opportunity for protection. Ahmet Hopovac only posited one legitimate opportunity.
¶33 The majority fails to recognize the universal view that use of the singular includes the plural, and the plural *829 the singular. RCW 70.74.010; Yousoufian v. Office of King County Exec., 152 Wn.2d 421, 434, 98 P.3d 463 (2004); State v. Nugent, 20 Wash. 522, 523, 56 P. 25 (1899); State v. Veazie, 123 Wn. App. 392, 396, 98 P.3d 100 (2004); State v. Wiggins, 114 Wn. App. 478, 483, 57 P.3d 1199 (2002); Hinton v. Johnson, 87 Wn. App. 670, 675, 942 P.2d 1061 (1997); State v. Welty, 44 Wn. App. 281, 283, 726 P.2d 472 (1986). Since courts apply the Restatement verbatim, Restatement sections function as statutes. RCW 1.12.050, concerning construction of statutes, declares:
Words importing the singular number may also be applied to the plural of persons and things; words importing the plural may be applied to the singular ....
¶34 The majority’s reading the plural to exclude the singular would lead to silly consequences. A motel might post a placard that declares: “Please no pets.” John Steinbeck could sleep with Charley as long as he traveled with only Charley. Steinbeck would have brought only one pet, not pets. A tavern may post a sign that reads: “No minors allowed.” According to the majority, Holden Caulfield could enter the tavern if he is the only underage patron.
¶35 To illustrate further the error of the majority, assume that the Restatement reads as follows:
(4) One who is required by law to take or who voluntarily takes the custody of another under circumstances such as to deprive the other of a normal opportunity for protection is under a similar duty to the other.
Under the majority’s reading of the rule, if the custodian deprived the one in custody of two opportunities to protect himself, the custodian would avoid liability because the rule mentions only the singular. If the majority holds that plural cannot mean singular, the logical extension of the holding is that singular cannot mean plural. So the custodian would avoid liability the more the custodian deprives the ward of means of protection.
*830 ¶36 I would deny the State’s summary judgment motion to the extent the State argues it had no obligation to protect Ahmet Hopovac because of the community custody condition prohibiting travel outside Grant County. I would address, with the majority, the State’s alternative argument that Ahmet Hopovac, as a matter of law, forwent Department of Corrections’ liability under Restatement (Second) of Torts § 314A because of his behavior in violating community custody conditions, particularly his socializing with others engaged in criminal activity and his failing to contact the police. Otherwise, I would leave to a jury the questions of whether the Department of Corrections breached a duty and whether the breach caused Hopovac injury.
¶37 I concur in part and dissent in part.
Review granted at 188 Wn.2d 1014. Review dismissed by order dated August 15, 2017.