[No. 1657-2. Division Two. September 30, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. STEVEN L. McCAUGHEY, *Appellant.*

*C. C. Bridgewater, Jr.* (of *Klingberg, Houston, Reitsch, Cross & Frey*), for appellant.

*Henry R. Dunn, Prosecuting Attorney,* and *Richard D. Eadie* and *Robert H. Falkenstein, Deputies,* for respondent.

PETRIE, C.J.—Steven Lee McCaughey appeals from an order denying his motion in arrest of judgment or, in the alternative, for new trial following his conviction of grand larceny (possession of stolen merchandise). He contends

(1) the evidence is insufficient to support the jury's verdict, (2) statements made by a coarrestee should not have been presented to the jury, and (3) testimony of a deputy prosecuting attorney, tending to establish a family relationship between the coarrestee and the defendant, should not have been allowed. We agree that some of the evidence was improperly presented to the jury. The remainder is insufficient to support the jury's verdict. Accordingly, we reverse with direction to dismiss the charge.

In the early morning hours of September 25, 1974, the defendant and another young man, who identified himself as Michael Orson, were accosted by a deputy sheriff as they lay sleeping 5 to 10 feet from a station wagon that was parked, partially off a side road, 150 yards from Interstate 5, the freeway which joins Portland and Seattle. The deputy aroused them and asked where they had come from. Orson responded, "California." Defendant remained silent. Orson identified himself as the owner of the vehicle. A license check indicated the plates had been issued to another vehicle. Both men were arrested. (Defendant does not challenge the validity of that arrest.)

An inventory of the station wagon revealed factory-packaged stereo equipment. The deputy asked the two men where the stereo equipment came from. Orson stated that he purchased it from several locations in Oregon. Upon further inquiry, Orson indicated that it came from their stereo equipment shop in California. Defendant's only response was to nod his head each time Orson spoke. At the pretrial confession hearing the trial court found that the defendant "nodded his head in apparent agreement" to both of Orson's statements. Subsequent investigation revealed that the stereo equipment had been stolen 2 days previously from a store in Portland.

At trial the prosecution attempted to establish that Michael Orson is really Patrick McCaughey, the defendant's brother. A deputy prosecuting attorney, whose responsibilities included presentation of the criminal docket to the court, was allowed to testify that when he called the case

of State of Washington v. Patrick McCaughey, Michael Orson stood, thus identifying himself as Patrick Mc-Caughey.

■ We hold first that Orson's prearrest statement should not have been admitted in Steven McCaughey's trial. The deputy sheriff testified: "I asked them where they had come from, and he [Orson] said, 'California.'" McCaughey was under no obligation to respond to Orson's statement unless it was accusatory or incriminatory. *State v. Lounsbery*, 74 Wn.2d 659, 445 P.2d 1017 (1968). We find it was neither. Orson's statement did not accuse the defendant of a crime, nor did it purport to involve or inculpate him in the commission of a crime. Orson's statement did not require any counter response from McCaughey. His silence should not be interpreted as a tacit acquiescence in the truth of the statement. The deputy sheriff's recitation of Orson's statement was not admissible in this defendant's trial to prove the statement's truth.

■ Orson's post-arrest statements, however, must be considered in view of the defendant's positive reaction to them. The record amply supports the trial court's determination that McCaughey nodded his head in apparent agreement to Orson's two statements as to the origin of the stereo equipment. Accordingly, the defendant adopted Orson's statements as his own. *See State v. Fullen*, 7 Wn. App. 369, 499 P.2d 893 (1972); 5 R. Meisenholder, Wash. Prac. § 429 (1965). Those two statements were admissible through the deputy's testimony as though the defendant had uttered them himself.

Michael Orson's act of standing in court, when the case of State v. Patrick McCaughey was called on the docket, constituted assertive conduct. Obviously, it could have been presented to a jury at Orson's trial to prove the truth of the statement: "I am Patrick McCaughey." The testimony of the deputy prosecuting attorney specifying Michael Orson's court conduct was, in effect, nothing more than a recital of what he "heard" Orson "say." See discussion of the problem in C. McCormick, *Evidence* § 250 (2d ed. E. Cleary

1972). It was not admissible in Steven McCaughey's trial under any exception to the hearsay rule.

The totality of the admissible evidence, viewed in the light most favorable to the State, indicates that Steven McCaughey had some recent association with the station wagon in which the stolen merchandise was found and that he "spoke" knowledgeably but inconsistently about that merchandise. If it can be said that Steven McCaughey was "in possession" of the stereo equipment, then the inconsistent statements would provide indicatory evidence on collateral points sufficient to support the jury's verdict. *State v. Portee*, 25 Wn.2d 246, 170 P.2d 326 (1946). However, the defendant's two inconsistent statements provide the factual basis for an inference only that he knew the merchandise was stolen. It is illogical to extrapolate the inferred fact of defendant's knowledge into the inferential conclusion of defendant's possession.

 Steven McCaughey did not have actual, physical or personal possession of the merchandise, nor did he possess the merchandise constructively—possession in law. Constructive possession implies an assumption of dominion or control over the items allegedly possessed or over the premises in which they are found. *State v. Callahan*, 77 Wn.2d 27, 459 P.2d 400 (1969). For purposes of this rule, premises include an automobile. *State v. Potts*, 1 Wn. App. 614, 464 P.2d 742 (1969). The reasonableness of any hypothesis of constructive possession based solely on circumstances is particularly suspect in the face of undisputed direct proof of exclusive possession in some other person. *State v. Callahan, supra.*

 The inference that McCaughey had recently been in the station wagon establishes only that he had access to the stereo equipment. However, mere proximity to the stolen merchandise is not enough to establish dominion or control over the merchandise or the vehicle. *State v. Mathews*, 4 Wn. App. 653, 484 P.2d 942 (1971).

Finally, the two sets of facts—proximity to the merchandise and inconsistent statements concerning its acquisition

—do not project radially toward the controlling inference of "possession" with sufficient vigor to supply the substantial evidence necessary to support the jury's verdict. *See Martin v. Insurance Co. of North America,* 1 Wn. App. 218, 460 P.2d 682 (1969).

Judgment reversed with direction to dismiss the information.

PEARSON and REED, JJ., concur.