[No. 16176–8–I.   Division One.   September 29, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. DWIGHT ANTHONY SUMMERS, *Appellant.*

*Mark W. Muenster* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Ellen O'Neill–Stephens, Deputy,* for respondent

SCHOLFIELD, C.J.—Dwight Summers appeals from his conviction for possession of stolen property, on the ground that the trial court's judgment was not supported by the evidence. We reverse.

## FACTS

On August 7, 1984, James Johnson was using a red and white chain saw that he had borrowed. When he finished, he placed the saw just inside his open garage door, in plain sight. That evening, Summers came to Johnson's house and asked if he could cut Johnson's grass. Johnson agreed, and after Summers began mowing the grass, he left, telling Summers that he would be gone about an hour. Before leaving, he closed the garage door, with the saw inside, but did not lock it.

Johnson returned about an hour and a half later, paid Summers for his work, then locked the garage door without looking inside. The following afternoon, Johnson went to his garage, found the door still locked, but the saw missing. Shortly thereafter, a neighbor, John Secord, passed by. Johnson testified that he asked Secord if he had seen anyone with a chain saw, and Secord told him he had seen Summers with a red and white chain saw. At trial, however, Secord testified that, on the afternoon of August 8, he saw Summers in Audrey Bass' backyard. He told the court that Summers asked to borrow some oil for a chain saw, but did not indicate what saw he was referring to. Secord testified he could see a red and white chain saw on Bass' porch. Bass was standing in her backyard at the time.

Johnson told Summers' stepfather, Benny Washington, that a neighbor had seen Summers with the chain saw. Washington said only that he would look into it. Washington testified that, although his family had three chain saws at the time, he did not mention that fact to Johnson because he felt it was none of Johnson's business. When Johnson confronted Summers with Secord's accusation, he denied having the saw, but said that Audrey Bass had a chain saw. Johnson checked with Bass, and found that she owned a black and orange electric hedge trimmer only.

Bass testified that, on the afternoon of August 8, Summers helped her with some yard work and at one point asked to borrow some oil without saying why he wanted it. She stated that she did not see a chain saw and that Summers could not have sneaked one out of her yard without her seeing it. The chain saw was never found.

## SUFFICIENCY OF THE EVIDENCE

Summers contends that there was insufficient evidence to prove that he had dominion and control either over the stolen property or the premises where the property was seen, thus the State failed to prove possession. We agree.

■ The elements of possession of stolen property are (1) actual or constructive possession of the stolen property with (2) actual or constructive knowledge that the property is stolen. RCW 9A.56.140(1); *State v. Jennings,* 35 Wn. App. 216, 219, 666 P.2d 381 (1983). Actual possession means that the goods are in the personal custody of the person charged, *State v. Callahan,* 77 Wn.2d 27, 29, 459 P.2d 400 (1969). Constructive possession, under the fact pattern of this case, must be shown by substantial evidence that Summers had dominion and control over the chain saw or over the premises where it was allegedly seen. *State v. McCaughey,* 14 Wn. App. 326, 329, 541 P.2d 998 (1975).

Dominion and control, and hence constructive possession, is determined by the "totality of the situation." (Italics omitted.) *State v. Partin,* 88 Wn.2d 899, 906, 567 P.2d 1136 (1977). However, mere proximity to stolen merchandise is

not enough to establish dominion or control over it. *State v. McCaughey, supra* at 329. In addition, mere presence is insufficient to establish dominion and control over the premises where stolen property is found. *State v. Callahan, supra.*

■ The test on review of a criminal conviction is whether the evidence could justify a trier of fact to rationally find guilt beyond a reasonable doubt. *State v. Green,* 94 Wn.2d 216, 220, 616 P.2d 628 (1980). When sufficiency of the evidence is challenged, all reasonable inferences from the evidence must be drawn in favor of the State. *State v. Partin, supra* at 906–07.

In the case at bar, it was undisputed that the property was stolen. There was no evidence connecting Summers to the theft other than evidence of opportunity. The chain saw was in plain sight when Summers visited the Johnson home and was last seen in the unlocked garage while Summers was left alone to mow the grass.

Evidence of opportunity falls far short of proof that Summers was the thief. We cannot, as the State would have us do, infer that, since Summers had an opportunity to steal the chain saw, he had actual possession of it at some point in time. Thus, even if we assume the requisite knowledge, the validity of Summers' conviction would rest upon whether there was sufficient evidence to justify the trial court in finding constructive possession beyond a reasonable doubt.

Relevant to constructive possession, there was evidence that Summers had asked to borrow oil from Bass without explanation. He then asked to borrow oil from Secord for a chain saw, but did not say which saw it was for. At the time, however, Summers was seen in the proximity of a saw resembling the one that had been stolen from Johnson. From this evidence, a trier of fact could draw the inference that Summers was referring to the stolen chain saw when he asked to borrow the oil.

Nevertheless, this was not sufficient proof of constructive possession. Mere proximity to stolen property or one's

presence at the place where it is found, without proof of dominion and control over the property or the premises, is not sufficient proof of possession. For example, in *State v. Callahan, supra,* the defendant had been staying at the premises for 2 or 3 days, but did not live there and paid no rent. Although his personal possessions were found on the premises and narcotics were found on a desk where he was sitting, and although he admitted having handled the drugs earlier that day, the court found the evidence insufficient to prove constructive possession of the narcotics.

Similarly, in the case sub judice, the stolen chain saw was not seen at Summers' residence, and other than the fact that he had access to Bass' yard, there was no evidence of dominion and control over the premises where it was seen. The only evidence of dominion and control over the stolen chain saw itself was Summers' proximity to one matching its description, from which the inference could be drawn that he was referring to the stolen chain saw when he asked to borrow oil. In short, the evidence was insufficient to support the conclusion that Summers had actual or constructive possession of stolen property.

Consequently, Summers' conviction is reversed for insufficiency of evidence. This case is remanded to the trial court, which is instructed to enter an order of dismissal.[1]

GROSSE, J., concurs.

COLEMAN, J. (dissenting)—I respectfully dissent.

The circumstances surrounding the disappearance of the saw and the subsequent events testified to by Secord permit an inference that the defendant was involved in the theft. Asking for oil for the chain saw gives rise to an inference that defendant was exercising dominion and control over it, particularly in light of the testimony that Audrey Bass did not own a chain saw. Under these circumstances

---

[1]*State v. Matuszewski,* 30 Wn. App. 714, 717–18, 637 P.2d 994 (1981) (a retrial of a defendant after the dismissal of the original prosecution for insufficient evidence violates the constitutional double jeopardy prohibition).

we are required to defer to the findings entered by the trier of fact. Therefore, I would affirm the judgment of the trial court.