IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33185-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JESSE EUGENE WILLIAMS, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Jesse Eugene Williams appeals his jury trial conviction for possession of a stolen motor vehicle. He contends that the State failed to present sufficient evidence. We affirm.

## FACTS

In August 2014, members of the Stevens County Sheriff's Office were investigating a report of a stolen gold Jeep Cherokee. The investigation led to an address on Haller Creek Road. There, officers observed an unoccupied gold Jeep parked next to an outbuilding. Inside the Jeep, officers could see cell phones, a backpack, and some tools.

After the initial investigation, officers impounded and searched the Jeep. Inside, they found paperwork for Joshua Williams (Mr. Williams's brother), two paystubs in Mr. Williams's name, Mr. Williams's cell phone, and three documents bearing the name of Mr. Williams's girlfriend. Mr. Williams's cell phone was located in the center console of the Jeep and contained a message from a person indicating she had left her backpack in the Jeep. Also inside the gold Jeep were documents and cell phones belonging to other individuals.

In addition to the gold Jeep, officers also found a black Jeep Cherokee inside one of the outbuildings on the property. The black Jeep belonged to Mr. Williams's girlfriend and had previously been totaled in an accident. Many of the black Jeep's parts had been removed and installed in the gold Jeep, including VIN (vehicle identification number) plates and license plates. In addition, a towing receipt pertaining to the black Jeep was found inside the gold Jeep.

The State ultimately charged Mr. Williams with possession of a stolen vehicle under RCW 9A.56.068(1). At trial, Staci Vollendorff, the caretaker of the property where the two Jeeps had been found, testified that she was acquainted with Mr. Williams, but had only spoken with him four or five times. She stated she had seen him in one of the outbuildings on the property about one week before

2

his arrest. She believed he had been working on cars, but testified she never actually witnessed him doing so. She also testified that she had seen the gold Jeep on the property sometime during the week before the arrest.

The jury found Mr. Williams guilty.

## ANALYSIS

Mr. Williams's sole argument on appeal is that the evidence was insufficient to prove his constructive possession of the gold Jeep. Evidence is sufficient to support a conviction if, viewed in the light most favorable to the trier of fact's decision, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Kintz*, 169 Wn.2d 537, 551, 238 P.3d 470 (2010). A claim of insufficiency admits the truth of the State's evidence and all reasonable inferences that a trier of fact can draw from the evidence. *Id.* (quoting *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992)). Circumstantial evidence and direct evidence are equally reliable. *State v. Thomas*, 150 Wn.2d 821, 874, 83 P.3d 970 (2004), *abrogated in part on other grounds by Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). We defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. *Thomas*, 150 Wn.2d at 874-75.

This case involves constructive, as opposed to actual, possession. "Constructive

3

possession is established by examining the totality of the situation and determining if there is substantial evidence" tending to establish circumstances "from which a jury can reasonably infer the defendant had dominion and control over the item." *State v. Jeffrey*, 77 Wn. App. 222, 227, 889 P.2d 956 (1995). Dominion and control need not be exclusive to establish constructive possession but close proximity alone is insufficient; other facts must enable the trier of fact to infer dominion and control. *State v. George*, 146 Wn. App. 906, 920, 193 P.3d 693 (2008).

The evidence presented by the State was sufficient to prove constructive possession. Unlike *State v. Summers*, 45 Wn. App. 761, 728 P.2d 613 (1986), the State here proved more than mere proximity to stolen property. Numerous items associated with Mr. Williams were located inside the gold Jeep. In addition, the evidence revealed that the gold Jeep was linked to the black Jeep, which belonged to Mr. Williams's girlfriend. Specifically, it was apparent that someone was disassembling the remains of the black Jeep in order to disguise the identity of the gold Jeep. Finally, Ms. Vollendorff's testimony identified Mr. Williams as an individual performing work on vehicles at the property.

Taking this evidence in the light most favorable to the State, a reasonable trier of fact could reasonably infer that Mr. Williams had dominion and control over the stolen

4

No. 33185-7-III
*State v. Williams*

gold Jeep. We hold that this evidence was sufficient to support Mr. Williams's

conviction for possession of a stolen vehicle.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Pennell, J.

WE CONCUR:

Korsmo, J.

Lawrence-Berrey, J.