

# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75643-5-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |
| JEREMY OLSON and SANTANA TEMPLER, | ) | |
| | ) | |
| Appellants. | ) | |
| | ) | FILED: November 14, 2016 |
| | ) | |

SPEARMAN, J. — Jeremy Olson and Santana Templer appeal their convictions for second degree burglary challenging the sufficiency of the evidence. The State presented sufficient evidence for the jury to convict Olson so we affirm his conviction. We reverse Templer's conviction because the evidence only established that she was aware of, and in proximity to, the stolen equipment. Olson also challenges his sentence, claiming that the trial court miscalculated his offender score. The record is insufficient to consider Olson's contention so we decline to address this issue.

## FACTS

Olson and Templer were each charged with one count of burglary in the second degree and tried as co-defendants in a consolidated trial commencing March 2, 2015. Four witnesses testified for the prosecution.

White River Alternative School maintenance employee Martin Brewer testified that at 5:30 p.m. on August 30, 2014, the security monitoring company notified him that an alarm on door 12 at the school had been tripped and motion had been detected in one of the classrooms.

Brewer contacted school employee David Bonn who testified that he responded to the activated entry and motion alarms at the School and after finding that the exterior door to room 12 was not securely closed, he locked the door and reset the alarm. He checked around the outside of the school and around rooms 12 and 13, but did not see anyone in the area nor any electronics equipment or other School property on the sidewalk outside of room 12.

Brewer received another alarm activation call around 8:09 p.m. The monitoring company told him that the doors to rooms 12 and 13 had been opened and that motion was detected in the inside area connecting the two rooms.

Pierce County Sheriff Deputy Eric Jank was dispatched to the School at approximately 8:24 p.m., and arrived around 8:36 p.m. As Deputy Jank approached the exterior door to room 12, he saw Olson loading a large audio speaker into his red Jeep Cherokee (jeep). When Olson saw Deputy Jank, he jumped into the jeep and tried to drive away. Deputy Jank stopped the jeep and saw Templer sitting in the front passenger seat. Templer's child was secured in a car seat in the back. In the back of the jeep, Deputy Jank saw two large audio speakers, two sound boards, a stage light, and a stage light stand. He saw a chisel, a screwdriver, and a flashlight on the

floorboard of the driver's side. He also noticed that a metal plate was missing from the exterior door of room 12, which exposed the door handle's locking mechanism and enabled the door to be opened with a screwdriver or similar tool.

Brewer arrived and identified the equipment in Olson's jeep as belonging to the school district and having been stored in room 12. He testified that school personnel would not have put this equipment in a dumpster or out on the sidewalk because it still had value.

Olson told Deputy Jank that he had found the equipment on the sidewalk outside of room 12. When Deputy Jank told Olson that he was responding to an alarm at the school, Olson asked him whether they could "make a deal." Verbatim Report of Proceedings (VRP) at 170. The trial court instructed the jury that it could only consider Olson's statement as evidence against him, but not as evidence against Templer.

Deputy Filleau testified that he questioned Templer separately from Olson, and she told both him and Deputy Jank that Olson had removed the equipment from the trash dumpster outside of room 12. A construction dumpster containing old chairs and a filing cabinet and having about three to five inches of water in the bottom was located about fifty feet from where the jeep was parked.

Deputy Jank and Brewer testified that it had rained that day and there were several inches of water in the bottom of the dumpster. The equipment in the jeep was dry.

3

The jury found Olson and Templer guilty of burglary in the second degree. They appeal.

## DISCUSSION

### Sufficiency of the Evidence

Due process requires the State to prove, beyond a reasonable doubt, every element of the crime charged. In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). Evidence is sufficient to support the conviction if, after viewing it in the light most favorable to the State, a rational trier of fact could find each element of the crime beyond a reasonable doubt. State v. Witherspoon, 180 Wn.2d 875, 883, 329 P.3d 888 (2014). The reviewing court draws all reasonable inferences from the evidence in the State's favor and interprets the evidence "most strongly against the defendant." State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992) (citing State v. Partin, 88 Wn.2d 899, 906-07, 567 P.2d 1136 (1977)). It considers both circumstantial and direct evidence as equally reliable and defers to the trier of fact on issues of conflicting testimony, witness credibility, and the persuasiveness of the evidence. State v. Thomas, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004) (citing State v. Cord, 103 Wn.2d 361, 367, 693 P.2d 81 (1985)).

To convict Olson and Templer of second degree burglary, the jury had to find beyond a reasonable doubt that each of them (1) entered or remained unlawfully in a building, (2) with intent to commit a crime therein. RCW 9A.52.030(1). Olson and

4

Templer each contend that there was insufficient evidence to support a finding that they entered or remained unlawfully in a building.

Turning first to Olson, there was evidence showing that: (1) he was found outside of room 12 loading school equipment into his jeep less than 30 minutes after alarms had alerted staff that the door to room 12 had been opened and that motion had been detected inside; (2) the equipment found in his jeep had been stored in room 12; (3) there was no equipment on the sidewalk three hours earlier; (4) it had rained that day and there was rain in the dumpster, but the equipment was dry; (5) school staff would not have placed the equipment on the sidewalk or in the dumpster because it still had value; (6) a screwdriver, chisel, and flashlight were on the driver's side floorboard of Olson's jeep; (6) Olson attempted to drive away once Deputy Jank arrived; and (7) after learning that Deputy Jank was responding to an alarm, Olson asked if they could make a deal. This was sufficient to support his conviction. State v. Mace, 97 Wn.2d 840, 843, 650 P.2d 217 (1982) ("[P]ossession of recently stolen property [along with] slight corroborative evidence of other inculpatory circumstances tending to show his guilt will support a conviction.") (quoting State v. Portee, 25 Wn.2d 246, 253-54, 170 P.2d 326 (1946)).

Olson argues that there is no evidence of illegal entry because no one saw him entering or leaving the school building and there were no fingerprints or footprints found therein. Unlawful entry "may be proved by circumstantial evidence, as may any other element." State v. J.P., 130 Wn. App. 887, 893, 125 P.3d 215 (2005) (quoting State v.

McDaniels, 39 Wn. App. 2236, 240, 692 P.2d 894 (1984)). Olson's possession of the stolen material coupled with the circumstantial evidence of his presence at the scene, his statements to Deputy Jank, his attempt to flee, and the altered door plate are sufficient to support his conviction for burglary. Mace, 97 Wn.2d at 843 (quoting Portee at 254) (possession plus additional circumstances such as "flight or the presence of the accused near the scene of the crime" will support a burglary conviction); State v. Ehrhardt, 167 Wn. App. 934, 943, 276 P.3d 332 (2012) (affirming the defendant's second degree burglary conviction even though no one saw him enter any structure pursuant to Mace).

Turning to Templer, she argues that the jury had to improperly speculate in order to find that she entered the school building because, even in the light most favorable to the State, the evidence only shows that she was seated in a car while the driver loaded some stolen items in the back; no one ever saw her outside of the car much less inside of the building. We agree.

As previously discussed, possession of stolen property coupled with evidence of other inculpatory circumstances will support a conviction for burglary. Mace, 97 Wn.2d at 843; Ehrhardt, 167 Wn. App. at 943 (possession of recently stolen property plus slight corroborative evidence is sufficient). However, the evidence introduced at trial failed to establish that Templer was ever in possession of the stolen equipment.

"Possession may be actual or constructive." State v. Lakotiy, 151 Wn. App. 699, 714, 214 P.3d 181 (2009) (quoting Partin, 88 Wn.2d at 906). A person actually

possesses something that is in his or her physical custody, and constructively possesses something that is not in his or her physical custody, but is still within his or her "dominion and control." Id. Templer was not in actual possession of the stolen equipment because none of it was in her physical custody. Nor was she in constructive possession because "[m]ere proximity to stolen property or one's presence at the place where it is found, without proof of dominion and control over the property or the premises, is not sufficient proof of possession." State v. Summers, 45 Wn. App. 761, 764-65, 728 P.2d 613 (1986).

The evidence showing that Templer was sitting in the jeep outside of room 12 while the stolen equipment was being loaded is insufficient to establish dominion and control. There was no evidence that Templer owned the jeep and no evidence she was driving it. "Courts have found sufficient evidence of constructive possession, and dominion and control" when the defendant was either the owner or the driver of the vehicle containing the contraband, but "hesitate to find sufficient evidence of dominion or control" when the defendant is a passenger. State v. Chouinard, 169 Wn. App. 895, 899-900, 282 P.3d 117 (2012)

In State v. George, 146 Wn. App. 906, 920-23, 193 P.3d 693 (2008), the defendant's conviction for possession of drugs and drug paraphernalia was reversed due to insufficient evidence. The defendant was a passenger in the backseat of a vehicle and the drugs were found on the floorboard behind the driver's seat, next to where the defendant was sitting. The court observed that "[t]he State's evidence boils

7

down to mere proximity. While there is evidence that a crime was committed, the State did not succeed in clearly associating the crime with [the defendant]." Id. at 923. Likewise, in Chouinard, the court reversed the defendant's conviction for unlawful possession of a firearm because he did not own or drive the vehicle, and thus he did not exercise dominion and control over the firearm even though it was located directly behind his seat. 169 Wn. App. at 902-03.

Because the evidence against Templer fails to establish that she was in possession of the stolen equipment, the reasoning of Mace is inapplicable—it is only possession coupled with circumstantial collaborative evidence that supports a conviction for burglary. Accordingly, there was insufficient evidence to support her conviction for burglary.[1] We reverse her conviction.

### Statement of Additional Grounds

Olson contends that the trial court miscalculated his offender score for purposes of sentencing because his four prior class C felonies should have "wash[ed] out" once he was in the community for over five years without committing another crime. Statement of Additional Grounds at 2-3. See RCW 9.94A.525(2)(c). Although Olson claims he was released from confinement and in the community between July 2006 and August 2014 when he was arrested for burglary, the record is devoid of any information on this issue. Instead, it only indicates the dates Olson was convicted and sentenced for

---

[1] Because the jury was not instructed on accomplice liability, we do not consider whether the evidence is sufficient to convict Templer under that theory.

8

the prior crimes. At the sentencing hearing, Olson conceded that his offender score was 9 and we are unable to determine the length of his sentence or the date of release. See 9.94A.525(2)(c); State v. Gauthier, 189 Wn. App. 30, 40-41, 354 P.3d 900 (2015) review denied, 185 Wn.2d 1010, 368 P.3d 171 (2016) (noting that washout period begins to accrue when the defendant is released from confinement),

If Olson seeks to have a reviewing court consider this matter which is outside the record, he must raise it in a personal restraint petition, not a statement of additional grounds.[2] State v. Alvarado, 164 Wn.2d 556, 569, 192 P.3d 345 (2008) ("If material facts exist that have not been previously presented and heard . . . recourse is to bring a properly supported personal restraint petition.") See RAP 16.4.

## Costs

In their briefs, Olson and Templer ask this court to deny the State its costs. See RAP 14.2 (costs awarded to party that "substantially prevails on review" unless appellate court directs otherwise in its decision terminating review); RCW 10.73.160(1) (court may order offender to pay appellate costs). The issue of costs is moot as to Templer because her conviction is reversed.

As to Olson, an order of indigency was filed in the trial court, and the record does not reflect a finding by the trial court that his financial condition has improved. In addition, Olson will be incarcerated for at least four years and already owes $1,036 in

---

[2] In addition, we note that the State disputes whether Olson has spent five crime free years in the community as he claims. But because the record before us is incomplete on this question, we decline to resolve the matter here.

restitution. In light of Olson's indigency, we exercise our discretion "to rule that an award to the State of appellate costs is not appropriate." State v. Sinclair, 192 Wn. App. 380, 393, 367 P.3d 612, review denied, 185 Wn.2d 1034, 377 P.3d 733 (2016).

We affirm Olson's conviction and reverse Templer's conviction due to insufficient evidence. Appellate costs will not be awarded.

Spearman, J.

WE CONCUR:

Leach, J.

Cox, J.