IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35083-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RANDALL G. BRYANT, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — Randall Bryant appeals his conviction for possession of a stolen motor vehicle, arguing the jury was presented with insufficient evidence of guilt. We disagree and affirm.

FACTS

In November 2016, a 1991 Acura Integra was reported stolen from its owner's driveway. Approximately one week later, a patrol officer stopped the Acura after noticing it bore license plates pertaining to a different vehicle type. Mr. Bryant was discovered to be the Acura's driver.

During the traffic stop, Mr. Bryant turned over the key he had been using to operate the Acura. The key appeared to be made from a house key blank, rather than an automobile key blank. At trial, the police officer testified to the differences between

vehicle keys and house keys. Vehicle keys are usually longer than house keys and they often have a chip built into them that coincides with the vehicle's security system.

The officer who stopped Mr. Bryant did not notice any damage to the Acura or its ignition. No statements were admitted against Mr. Bryant and Mr. Bryant did not testify at trial.

A jury convicted Mr. Bryant of possession of a stolen vehicle. Mr. Bryant appeals.

ANALYSIS

Mr. Bryant's sole argument on appeal is that the State failed to produce sufficient evidence to justify his conviction. Specifically, Mr. Bryant argues the State failed to prove that he knew the Acura was stolen.

Evidence is sufficient to support a conviction if, viewed in the light most favorable to the State, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Kintz*, 169 Wn.2d 537, 551, 238 P.3d 470 (2010). A claim of insufficiency admits the truth of the State's evidence and all reasonable inferences drawn therefrom. *Id.* Circumstantial evidence and direct evidence are equally reliable. *Id.* We defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

"'Possessing stolen property' means knowingly to receive, retain, possess, conceal, or dispose of stolen property knowing that it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto." RCW 9A.56.140(1). "The elements of possession of stolen property are (1) actual or constructive possession of the stolen property with (2) actual or constructive knowledge that the property is stolen." *State v. Summers*, 45 Wn. App. 761, 763, 728 P.2d 613 (1986). Here, Mr. Bryant only contests the State's proof of the second element, pertaining to knowledge.

When property has recently been stolen, our case law requires only slight corroborative evidence to prove knowledge. *State v. McPhee*, 156 Wn. App. 44, 62, 230 P.3d 284 (2010); *State v. Womble*, 93 Wn. App. 599, 604, 969 P.2d 1097 (1999). One week in time qualifies as recent. *State v. Couet*, 71 Wn.2d 773, 775, 430 P.2d 974 (1967). Accordingly, the test for sufficiency in this case is whether the State presented slight evidence to corroborate its claim that Mr. Bryant knew or constructively should have known the Acura was stolen.

Here, the unusual nature of the key Mr. Bryant used to operate the Acura provided adequate corroboration to satisfy the sufficiency test. It was readily apparent that the key taken from Mr. Bryant was not original to the Acura and had been fabricated from a

3

house key. Mr. Bryant's use and possession of the key suggested he knew, or should

have known, that the Acura had somehow been separated from its lawful owner without

the owner's knowledge or consent. While this evidence of knowledge was far from

overwhelming, it was not insufficient to establish knowledge.

## APPELLATE COSTS

Mr. Bryant asks that we not award appellate costs. In accordance with RAP 14.2,

we defer the question of appellate costs to our commissioner or clerk/administrator.

## CONCLUSION

Mr. Bryant's judgment of conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, A.C.J.

WE CONCUR:

_____    _____
Korsmo, J.                          Siddoway, J.